[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 415.]

BOARD OF EDUCATION FOR ORANGE CITY SCHOOL DISTRICT, APPELLEE, *v.*
CUYAHOGA COUNTY BOARD OF REVISION, APPELLEE; SHERWIN-WILLIAMS
COMPANY, APPELLANT.

[Cite as *Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*,
1996-Ohio-282.]

*Taxation—Real property valuation—Board of Tax Appeals has discretion in
admitting evidence, weighing it, and granting credibility to testimony—
Board of Tax Appeals' decision affirmed by Supreme Court when it is
reasonable and lawful.*

(No. 95-23—Submitted October 12, 1995—Decided February 7, 1996.)

APPEAL from the Board of Tax Appeals, Nos. 93-K-105 and 93-K-106.

————————————

{¶ 1} The Sherwin-Williams Company, appellant, owns real property at
26300 Fargo Avenue in Bedford Heights. It filed a complaint with the Cuyahoga
County Board of Revision ("BOR"), appellee, which, as amended, sought to
decrease the true value of this property for tax year 1991 from $4,550,000 to
$3,540,000.

{¶ 2} The Board of Education for the Orange City School District ("BOE"),
appellee, filed a complaint in response to Sherwin-Williams's complaint. In this
complaint, the BOE sought to preserve the value of the property as listed by the
Cuyahoga County Auditor. The BOR, nevertheless, determined the true value to
be $4,100,000. The BOE appealed this decision to the Board of Tax Appeals
("BTA").

{¶ 3} At the BTA, the BOE presented the expert appraisal testimony of
Richard P. Van Curen. Van Curen testified that the true value of the property was
$4,750,000. In Van Curen's report, he certified that his assistant, David E. Walter

"provided significant professional assistance" to Van Curen. Sherwin-Williams questioned Van Curen vigorously on this point.

{¶ 4} Van Curen testified that Walter worked on market data and on descriptions of the property and neighborhood. In these tasks, Walter verified some of the market data information and measured distances from the property to the freeway access. Van Curen testified that he could not distinguish Walter's work product from his own.

{¶ 5} Sherwin-Williams presented the expert appraisal testimony of Paul H. Ballou. Ballou testified that the true value of the property was $3,540,000. He offered as "an excellent comparable" sale the sale of the property at 25000 Miles Road in Bedford Heights. The sale occurred on July 19, 1993, two and a half years after the tax lien date. The property was approximately the size, and within a mile, of the subject property. Ballou adjusted the sale for its difference in size and location of the subject, but not as to time from the tax lien date.

{¶ 6} Both appraisers testified that the sale was beyond the time that they would normally consider as closely comparable in time. Van Curen refused to include the sale in his analysis; Ballou, on the other hand, did, though in a supplement prepared after his initial report.

{¶ 7} After describing the property and each appraiser's report, the BTA selected Van Curen's comparable property analysis as the best indication of value. It found the properties he chose for comparison to be more like the subject and to require less subjective adjustment. The BTA rejected Sherwin-Williams's criticism of Van Curen's reliance upon office staff to perform certain tasks for the appraisal. It accepted his testimony that he had reviewed the information provided and that the opinion of value offered was his own. The BTA, furthermore, approved of Van Curen's rejection of the July 1993 sale. The BTA found that a lack of information regarding the specific conditions of the sale rendered his decision reasonable. Thus,

the BTA found the true value of the property to be, as of January 1, 1991, $4,750,000.

**{¶ 8}** This cause is before this court upon Sherwin-Williams's appeal as of right.

———————————

*Kadish & Bender*, *Kevin M. Hinkel* and *David G. Lambert*, for appellee Board of Education for the Orange City School District.

*Arter & Hadden* and *Karen Bauernschmidt*; and *Gerald Steltenkamp*, for appellant.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Gregory B. Rowinski*, Assistant Prosecuting Attorney, for appellees Cuyahoga County Auditor and the Cuyahoga County Board of Revision.

———————————

***Per Curiam.***

**{¶ 9}** Sherwin-Williams contends that the BTA incorrectly adopted an appraisal that relied on data collected and analyzed by an individual who did not testify and that the evidence did not comply with Evid.R. 703. It also contends that the BTA improperly ignored the July 1993 sale, which it claims is the most comparable sale in the taxing district. We disagree and affirm the BTA's decision.

**{¶ 10}** The BTA has discretion in admitting evidence, *Ohio Turnpike Comm. v. Ellis* (1955), 164 Ohio St. 377, 58 O.O. 179, 131 N.E. 2d 397, paragraph eight of the syllabus; *Akron v. Pub. Util. Comm.* (1966), 5 Ohio St. 2d 237, 242, 34 O.O. 2d 467, 470, 215 N.E. 2d 366, 371, weighing it, and granting credibility to testimony. *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St. 3d 155, 573 N.E.2d 661. Unless the BTA abuses this discretion, we will affirm its decision. *Webb Corp. v. Lucas Cty. Bd. of Revision* (1995), 72 Ohio St. 3d 36, 647 N.E. 2d 162.

**{¶ 11}** Evid.R. 101(A) does not mention administrative agencies as forums to which the Rules of Evidence apply. Indeed, the constitutional authority under which the rules were promulgated extends only to "rules governing practice and procedure in all courts of the state." Section 5(B), Article 4, Ohio Constitution. The rules, nevertheless, may guide the BTA in conducting its hearings. See *Castellano v. Kosydar* (1975), 42 Ohio St. 2d 107, 71 O.O.2d 77, 326 N.E.2d 686. Thus, the BTA need not comply with Evid.R. 703.

**{¶ 12}** Here, Van Curen set forth his assistant's help and testified about it. Appraisers occasionally require help from office staff. American Institute of Real Estate Appraisers, The Appraisal of Real Estate (9 Ed. 1987) 67. Sherwin-Williams had knowledge of this assistance in enough advance time of the hearing that it could have subpoenaed the assistant and examined him. Furthermore, certifying that Walters assisted Van Curen in his report satisfies the standards of the Appraisal Foundation, Uniform Standards of Professional Appraisal Practice (1990), Standards Rule 2-3. We find no abuse of discretion in the BTA's accepting this evidence and crediting it as it did.

**{¶ 13}** We also find that the BTA did not abuse its discretion in weighing the evidence of the July 1993 sale. The sale was outside the time limits both appraisers normally analyzed. Ballou did not adjust the sale for time; in fact, he failed to record what specific adjustments he did make for this sale.

**{¶ 14}** Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents.

_____