OPINION
{¶ 1} Appellant, the state of Ohio, appeals the decision of the Madison County Court of Common Pleas to set aside the Madison County Board of Revision's ["Board of Revision"] determination of the true value of a parcel of real property. We affirm the decision of the court of common pleas.
 {¶ 2} R.C. 5713.01 requires the county auditor to view and appraise, at its true value in money, each lot or parcel of real property at least once every six years. On the tax lien date of January 1, 2002, the Madison County Auditor's office determined the true value of 1955 Arbuckle Road, owned by appellee, Elizabeth C. Houston, to be $64,060. Prior to the 2002 tax lien date, the auditor's office had appraised appellee's property at $33,110. This new assessed value, therefore, amounted to more than a 93 percent increase in the taxable value of appellee's property.
 {¶ 3} On March 28, 2003, pursuant to R.C. 5715.11, appellee filed a complaint against the auditor's value determination with the Board of Revision. The Board conducted a hearing on June 27, 2003 and voted to uphold the auditor's value determination of $64,060. Appellee then appealed to the Madison County Court of Common Pleas, claiming a discriminatory valuation and an overvaluation of her property.[1]
 {¶ 4} On January 14, 2004 a hearing was held in the court of common pleas, consisting mainly of the testimony of Jim Williamson, the Madison County Auditor. Following the hearing, the court determined the true value, for tax purposes, of appellee's property to be $45,900.
 {¶ 5} Appellant's sole assignment of error on appeal is that the common pleas court erred in failing to use comparable sales and a sales ratio analysis to determine the true value of the real property at issue in this case.
 {¶ 6} Determining the true value of property on appeal from the Board of Revision is a question of fact for the court of common pleas to determine after performing an independent investigation and complete re-evaluation of a Board of Revision's value determination. Black v. Bd. of Revision of Cuyahoga Cty.
(1985), 16 Ohio St.3d 11, paragraph one of the syllabus. Although the property owner has the initial burden to prove a right to a reduction, Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd.of Revision (1988), 37 Ohio St.3d 318, 319, neither the Board of Revision's valuation nor the county auditor's appraisal is entitled to a presumption of validity. Springfield Local Bd. ofEdn. v. Summit Cty. Bd. of Revision, 68 Ohio St.3d 493, 494-495,1994-Ohio-501.
 {¶ 7} On appeal from the common pleas court, the standard of review for this court is whether the court abused its discretion in making its value determination. Black, 16 Ohio St.3d 11, paragraph one of the syllabus. An abuse of discretion is more than just an error of law; it must be demonstrated that the court's judgment was "unreasonable, arbitrary or unconscionable."Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 8} The common pleas court is directed by statute to determine, from the record created at the Board of Revision and any additional evidence it deems necessary to admit, "the taxable value of the property whose valuation or assessment for taxation by the board of revision is complained of, or if the complaint and appeal is against a discriminatory valuation, [it] shall determine a valuation that shall correct the discrimination * * *." R.C. 5717.05.
 {¶ 9} For taxation purposes, the true value of property has been defined by the supreme court as "that amount [of money] which should result from a sale of such property on the open market." Park Investment Co. v. Board of Tax Appeals (1964),175 Ohio St. 410, 412. The best method of determining the true value is "an actual sale between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so." Id. at 412. Because actual sales are seldom available, however, appraisals are generally necessary. Id.
 {¶ 10} The Ohio Administrative Code describes three methods of appraisal a county auditor may use in arriving at an estimate of true value: the market data approach, in which the value of the property is estimated on the basis of recent sales of comparable properties in the market area; the income approach, in which the property's value is estimated by capitalizing the property's net income after expenses; and the cost approach, in which the cost of replacing structures on the land is added to the value of the land Ohio Adm. Code 5705-3-03.
 {¶ 11} The market approach is the administrative code's preferred method for appraising real estate and requires "the collection and analysis of actual arm's-length sales and other market information on comparable sites made within a reasonable time of the date of the appraisal with adjustments for variations." Ohio Adm. Code 5705-3-07. Although the common pleas court describes the method used by the county auditor's office to appraise the property at issue in this case as "a hybridized sales price methodology," appellant contends that the market data approach was used.
 {¶ 12} In justifying the value determination of $64,060, Auditor Williamson testified that that about 50 or 60 different factors were taken into consideration when evaluating appellee's property. According to Auditor Williamson, anything that affects value, such as location, topography, construction type, or square footage is considered when evaluating a property.
 {¶ 13} The auditor's office also offered evidence of the sale of three "comparable" properties, one at the Board of Revision hearing and two more before the court of common pleas, to justify its decision. The property submitted to the Board of Revision (comparable number one) is similar to appellee's property in that both are converted one-room school houses built in the 1870s and both have five rooms and one bath. Comparable number one, however, also differs from appellee's property in significant ways. For example, it has central air conditioning, an area of over 100 additional square feet, and is located in another town four miles from appellee's home. In an arm's-length sale that took place close to the tax lien date of January 1, 2002, comparable number one sold for $132,000.
 {¶ 14} Auditor Williamson testified that various adjustments, based upon data from recent sales on other county properties, are made to account for differences between a comparable property and a subject property. Once these adjustments are made, the estimated market value of a subject property can be determined by adding or subtracting the adjustment values to the sale price of the property that was involved in the recent arm's-length transaction.
 {¶ 15} In the case at bar, adjustments for differences such as lot size, square footage, overall condition, and sale date were made to compensate for the distinctions between comparable number one and appellee's property.
 {¶ 16} Neither comparable number two nor comparable number three, both prepared by Auditor Williamson in anticipation of the hearing in the court of common pleas, appear to be converted one-room schoolhouses. In some respects both properties are similar to appellee's property, but in other significant ways they differ. At recent arm's-length sales, comparable number two sold for $74,000 and comparable number three sold for $70,500.
 {¶ 17} Auditor Williamson made calculations and adjustments similar to those made with respect to comparable number one. He then used all three comparables and a "sales ratio analysis" to determine that appellee's property has an estimated market value of between $71,000 and $102,000.
 {¶ 18} To support the contention that her property was overvalued, appellee offered two property cards from the auditor's office for the tax year 2003 that revealed the taxable values of comparable properties near appellee's property. The auditor's office valued one of the properties, referred to in the record as the Clark Snyder property, at $51,120. The other, referred to as the ABMC Trust property, was valued at $45,900.
 {¶ 19} The ABMC Trust property is a converted one-room schoolhouse with significant similarities to appellee's property, and examining the property cards of both properties could lead a reasonable mind to conclude that appellee's property has a comparable or lower market value. For example, the Clark Snyder property has an area of 1,152 square feet, was built in 1948, and has three bedrooms and one and a half baths. The ABMC Trust property has 1,156 square feet, was built in 1930, and has two bedrooms and one bath. Appellee's property has an area of 1,276 square feet, was built in 1872, and has one bedroom and one bath.
 {¶ 20} The problem with both of these properties under the market data approach to property appraisal, according to Auditor Williamson, is that neither has been involved in a recent arm's-length sale. Auditor Williamson testified, and the administrative code directs, that only properties involved in recent sales are valid for use as comparable properties in the market data approach. See Ohio Adm. Code 5705-3-07.
 {¶ 21} In further support of the contention that her property was overvalued, appellee submitted evidence at the Board of Revision hearing that there have been no major improvements to appellee's property in the last 25 years. The parties later stipulated to this fact.
 {¶ 22} The common pleas court found the evidence offered by appellee, though not the product of a recognized appraisal method, to be more indicative of the true value of appellee's property than the market data approach offered by the auditor's office. We find nothing unlawful, arbitrary, or unreasonable with this decision.
 {¶ 23} In finding appellee's evidence more indicative of the true value of her property than the market analysis submitted by the auditor's office, the common pleas court simply made use of the discretion given to it by the state legislature. See R.C.5717.05. Appraising property is not an exact science. The Ohio Administrative Code describes and instructs county auditors inestimating property values, not calculating their values to a mathematical certainty. Ohio Adm. Code 5705-3-08. Estimating value inherently involves discretion, and because of this unavoidable use of judgment when evaluating property, reasonable minds can and will differ over specific value determinations.
 {¶ 24} Appellant seems to argue that a court of common pleas is not permitted to deviate from one of the three recognized methods of determining the true value of real property set forth in Ohio Adm. Code 5705-3-03. However, the administrative code instructs county auditors on evaluation methods, not the courts. The courts of common pleas are not bound to use the appraisal methods described therein when making value determinations.Meijer, Inc. v. Montgomery Cty. Bd. Of Revision,75 Ohio St.3d 181, 187-188, 1996-Ohio-223. The court can even, but is not required to, accept the testimony of a property owner as to the true value of a parcel of property when it makes its value determination. Simmons v. Cuyahoga Cty. Bd. Of Revision,81 Ohio St.3d 47, 48, 1998-Ohio-443.
 {¶ 25} Furthermore, a common pleas court is not required to rely on or adopt the appraisal methodology espoused by any expert or witness. Youngstown Sheet Tube Co. v. Mahoning Cty. Bd. OfRevision (1981), 66 Ohio St.2d 398, paragraph one of the syllabus. "[T]he imposition of rigid methodological strictures would necessarily impinge upon the [court's] wide discretion to weigh evidence and assess the credibility of witnesses." Id. at 402. Therefore, the common pleas court was free to either rely on or reject the testimony and analysis of Auditor Williamson.
 {¶ 26} The record reflects that appellee met her initial burden of proving a right to a reduction. There have been no major changes made to appellee's property over the last 25 years, and appellee submitted two properties comparable to hers that the auditor's office determined to have a significantly lower market value.
 {¶ 27} Once appellee met her initial burden, it was than incumbent upon the auditor's office to demonstrate that the value it placed upon appellee's property was correct. The auditor's office attempted to do so by offering the testimony of Auditor Williamson and a market sales analysis. The court, however, making an independent evaluation of the taxable value of appellee's property, found appellee's evidence to be more indicative of the true value of her property than the market sales analysis offered by the Madison County Auditor's office.
 {¶ 28} The courts of common pleas have discretion in granting credibility to testimony and in admitting and weighing evidence offered to prove the true value of property for taxation purposes. Bd. of Edn. for Orange City School Dist. v. CuyahogaCty. Bd. of Revision, 74 Ohio St.3d 415, 416, 1996-Ohio-282. Absent an abuse of that discretion that amounts to a decision that is arbitrary, unreasonable, or unconscionable, we will not set aside the property value determination of a court of common pleas.
 {¶ 29} After a careful review of the record, we find nothing arbitrary, unreasonable, or unconscionable about the court's determination. The record supports the court's decision to set aside the value determination of the Board of Revision and we therefore affirm its decision.
 {¶ 30} Judgment affirmed.
Young, P.J., and Powell, J., concur.
[1] The Revised Code permits a property owner to appeal a value determination made by the Board of Revision to either the Board of Tax Appeals or the Court of Common Pleas. R.C. 5717.05.