[Cite as *SSN II, Ltd. v. Warren Cty. Bd. of Revision*, 2013-Ohio-1112.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| SSN II, LTD., et al., | : | CASE NO. CA2012-04-037 |
| Plaintiffs-Appellants, | : | |
| | : | O P I N I O N<br>3/25/2013 |
| - vs - | : | |
| | : | |
| WARREN COUNTY<br>BOARD OF REVISION, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 10CV78534

Robert W. Cettel, The Drees Center, 7265 Kenwood Road, Suite 210, Cincinnati, Ohio 45236, for plaintiffs-appellants

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for defendants-appellees

**S. POWELL, J.**

{¶ 1} Plaintiffs-appellants, SSN II, LTD and Randal R. Sadler, trustee, appeal from a decision in the Warren County Court of Common Pleas affirming two administrative decisions of the Warren County Board of Revision regarding valuation of properties. For the reasons outlined below, we affirm the decision of the common pleas court.

{¶ 2} SSN II and Sadler are owners of two parcels of land located in Warren County that collectively form the 18-hole Clearcreek Par 3 Golf Course. Both parcels contain certain "golf features," which appellants specify as teeing grounds, cart paths, sprinkler systems, drainage systems, water hazards such as ponds and streams, fairways, bunkers, roughs, putting greens, and holes. The parcel owned by Sadler is 32.2230 acres and contains holes 1 through 9, with cart paths on holes 1 through 3. The tees and greens have automatic sprinkler systems, and there is a three-acre lake. The parcel owned by SSN II is 53.1865 acres and contains holes 10 through 18. There are cart paths on holes 10 through 13 and on holes 17 and 18. The tees and greens have automatic sprinkler systems. Also located on SSN II's parcel is a club house with pro shop, a parking lot, cart storage building, a driving range, and a canopy deck that is used by customers to hit golf balls ("driving range canopy deck").

{¶ 3} In 2009, the Warren County Auditor valued the properties. Appellants appealed the auditor's valuation to the Warren County Board of Revision ("BOR"). Appellants alleged in their complaints that the properties' valuations should be reduced because certain aspects of the properties should have been classified as business fixtures under R.C. 5701.03, rather than real property under R.C. 5701.02. Following a hearing, the BOR refused to grant any reduction in valuation for Sadler's property, and only slightly reduced the valuation of SSN II's property.

{¶ 4} Appellants appealed the BOR decision to the Warren County Court of Common Pleas. Appellants again argued that certain aspects of the property were erroneously classified as real property, including golf features. Appellants also contended that the driving range canopy deck was erroneously classified as real property.

{¶ 5} At the common pleas court level, the magistrate found that the tees, cart paths, water hazards, fairways, bunkers, roughs, and holes fell under the definition of real property

and did not constitute business fixtures. Additionally, the magistrate found that the driving range canopy deck constituted an improvement, which is classified as real property. Finally, the magistrate found that the underground sprinkler systems could be classified as personal property, but that the record was devoid of any valuation of the sprinkler systems to show the degree the auditor's value should be reduced. Appellants filed an objection to the magistrate's decision. The judge overruled the objection, and affirmed the magistrate's decision.

{¶ 6} Appellants now appeal, and assert two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED BY NOT MAKING FINDINGS OF FACTS AND CONCLUSIONS OF LAW CONSISTENT WITH STATUTORY LAW AND THE SUPREME COURT'S DICTA IN *FUNTIME, INC. VS. WILKINS, TAX COMMISSIONER* BY NOT PROPERLY APPLYING THE *OTHERWISE SPECIFIED TEST* AND THE *DECISIVE TEST* TO THE GOLF COURSE FEATURES OF THE PROPERTY; AND, NOT FINDING THAT GOLF COURSE FEATURES SHOULD NOT BE TAXED AS REAL PROPERTY.

{¶ 9} Appellants argue that the golf features and driving range canopy deck were improperly classified as real property, when in fact, they constitute personal property. Appellants assert that these aspects are not real property because they fall under the "otherwise specified" category outlined by R.C. 5701.02 and 5701.03 and are devoted primarily to the golf business. We disagree.

{¶ 10} Under R.C. 5717.05, an appeal from a county board of revision may be taken directly to the court of common pleas. Determining the true value of property on appeal from a board-of-revision decision is a question of fact for the common pleas court after performing an independent investigation and reevaluation of the board's value determination. R.C. 5717.05; *Black v. Cuyahoga Cty. Bd. of Revision*, 16 Ohio St.3d 11 (1985), paragraph one of

the syllabus. Nevertheless, a taxpayer has the initial burden and obligation to prove the right to a reduction. R.C. 5717.01, et seq.; *Eastbrook Farms, Inc. v. Warren Cty. Bd. of Revision*, 194 Ohio App.3d 193, 2011-Ohio-2103, ¶ 18 (12th Dist.).

{¶ 11} As fact-finder, the court must "independently weigh and evaluate all evidence properly before it." *Black* at 13. "[T]he court's review of the evidence should be thorough and comprehensive, and should ensure that its final determination is more than a mere rubber stamping of the board of revision's determination." *Id.* at 13-14. In essence, R.C. 5717.05 does not provide for a trial de novo at the common pleas court level, but does contemplate a decision de novo. *Id.* at 14. A common pleas court has broad discretion to weigh the evidence and judge the credibility of witnesses. *Amsdell v. Cuyahoga Cty. Bd. of Revision*, 69 Ohio St.3d 572, 574 (1994). Once a common pleas court makes its determination, it will not be disturbed on appeal absent an abuse of discretion. *Black* at 14; *Eastbrook* at ¶ 17.

{¶ 12} Whether property is classified as real property or as personal property for tax purposes depends on the interaction of two statutes, R.C. 5701.02 and 5701.03. R.C. 5701.02 defines real property and provides:

> (A) "Real property," "realty," and "land" include land itself, whether laid out in town lots or otherwise, all growing crops, including deciduous and evergreen trees, plants, and shrubs, with all things contained therein, and, unless otherwise specified in this section or section 5701.03 of the Revised Code, all buildings, structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto.[1]

---

1. Other relevant portions of R.C. 5701.02 include:

> (B)(1) "Building" means a permanent fabrication or construction, attached or affixed to land, consisting of foundations, walls, columns, girders, beams, floors, and a roof, or some combination of these elemental parts, that is intended as a habitation or shelter for people or animals or a shelter for tangible personal property, and that has structural integrity independent of the tangible personal property, if any, it is designed to shelter. "Building" includes a manufactured or mobile home building as defined in division (B)(2) of this section.

{¶ 13} R.C. 5701.03(A) defines personal property, which "includes every tangible thing that is the subject of ownership, whether animate or inanimate, including a business fixture, and that does not constitute real property as defined in section 5701.02 of the Revised Code. * * *."

{¶ 14} In *Funtime, Inc. v. Wilkins*, 105 Ohio St.3d 74, 2004-Ohio-6890, ¶ 33, the Ohio Supreme Court outlined the interaction between these two statutes, and stated:

> Reading the two statutes in pari materia and harmonizing them to give effect to the language of both statutes, we find that the correct order of application is as follows: first, determine whether the item meets the requirements of one of the definitions of real property set forth in R.C. 5701.02. If the item does not, then it is personal property. If the item fits a definition of real property in R.C. 5701.02, it is real property unless it is "otherwise specified" in R.C. 5701.03. If an item is "otherwise specified" under R.C. 5701.03, it is personal property.

{¶ 15} R.C. 5701.02 essentially provides that land itself, including things growing on the land, is real property. Furthermore, it provides that virtually anything on land, including buildings, structures, improvements, and fixtures, should be classified as real property unless it is otherwise specified in R.C. 5701.03. One of the "otherwise specified" categories is a business fixture. R.C. 5701.03(B) addresses "business fixture," which is (1) "an item of tangible personal property that has become permanently attached or affixed to the land or to

---

* * *

(C) "Fixture" means an item of tangible personal property that has become permanently attached or affixed to the land or to a building, structure, or improvement, and that primarily benefits the realty and not the business, if any, conducted by the occupant on the premises.

(D) "Improvement" means, with respect to a building or structure, a permanent addition, enlargement, or alteration that, had it been constructed at the same time as the building or structure, would have been considered a part of the building or structure.

(E) "Structure" means a permanent fabrication or construction, other than a building, that is attached or affixed to land, and that increases or enhances utilization or enjoyment of the land. "Structure" includes, but is not limited to, bridges, trestles, dams, storage silos for agricultural products, fences, and walls.

a building * * *," and (2) "primarily benefits the business * * *," or, alternatively, "those portions of buildings, structures, and improvements that are specially designed, constructed, and used for the business conducted in the building, structure, or improvement, including, but not limited to, foundations and supports for machinery and equipment."[2]

{¶ 16} There is very little case law citing *Funtime*, and no subsequent case law directly on point regarding the interaction between these two statutes in the context of business fixtures. Nevertheless, there are several administrative decisions from the Board of Tax Appeals ("BTA") that provide guidance, and which the common pleas court relied upon when making its determination. In interpreting R.C. 5701.03(B), the BTA has found that when an aspect or item is not personal property, then it is unnecessary to consider whether that aspect or item primarily benefits the business. *Polaris Amphitheater Concerts, Inc. v. Delaware Cty. Bd. of Revision*, BTA No. 2004-V-1294, 2007 WL 283010 (Jan. 26, 2007), *rev'd on other grounds*, 118 Ohio St.3d 330, 2008-Ohio-2454; *Inverness Club v. Wilkins*, BTA No. 2004-R-338, 2007 WL 1453730 (May 11, 2007). Furthermore, the BTA has rejected a broad interpretation of the alternative definition of "business fixture" and has stated that "[t]he *limited* inclusion of language by the legislature in the definition of business fixture permits

---

2. The full text of R.C. 5701.03(B) is as follows:

> "Business fixture" means an item of tangible personal property that has become permanently attached or affixed to the land or to a building, structure, or improvement, and that primarily benefits the business conducted by the occupant on the premises and not the realty. "Business fixture" includes, but is not limited to, machinery, equipment, signs, storage bins and tanks, whether above or below ground, and broadcasting, transportation, transmission, and distribution systems, whether above or below ground. "Business fixture" also means those portions of buildings, structures, and improvements that are specially designed, constructed, and used for the business conducted in the building, structure, or improvement, including, but not limited to, foundations and supports for machinery and equipment. "Business fixture" does not include fixtures that are common to buildings, including, but not limited to, heating, ventilation, and air conditioning systems primarily used to control the environment for people or animals, tanks, towers, and lines for potable water or water for fire control, electrical and communication lines, and other fixtures that primarily benefit the realty and not the business conducted by the occupant on the premises.

foundations and supports specifically designed for machinery, equipment, and the like to be classified as business fixtures." (Emphasis added.) *Polaris* at *6.

{¶ 17} We discuss the particular aspects of the golf course in the same order as the common pleas court for ease of analysis. First, we address the golf features absent the sprinkler systems, which we collectively refer to as golf features. In *Inverness*, the BTA found golf features to be land itself under R.C. 5701.02(A). In considering whether the golf features were "otherwise specified," particularly as a business fixture under R.C. 5701.03(B), the BTA found that the golf features were "more akin to permanent fabrication and construction to the property rather than personal property that has become permanently attached to the land." *Id.* at *6. In fact, the BTA found that the golf features had no physical existence outside of the land itself because they could not be removed from the land without causing the land significant injury. *Id.* The BTA found that because the golf features did not meet the definition of personal property, it was unnecessary to determine whether the golf features primarily benefited the business. *Id.* This position was reiterated by the BTA in *SSN II, Ltd. v. Warren Cty. Bd. of Revision*, BTA Nos. 2005-V-1441, 2005-V-1442, 2008 WL 509264 (Feb. 15, 2008), dealing with the same parties and three-par golf course as in this case.

{¶ 18} In this case, the common pleas court found that similar to *Inverness*, the golf features were "more akin to permanent fabrication and construction to the property rather than personal property that has become permanently attached to the land." The common pleas court also found that the golf features are not removable from the land and add value to the real estate itself. The plain language of R.C. 5701.02(A) provides that land itself is not subject to the "otherwise specified" clause. Furthermore, the plain language of R.C. 5701.03(B) necessitates a business fixture to be an item of tangible personal property, unless it is some type of foundation or support. Because the golf features were incorporated

into the real estate, the golf features were not items of tangible personal property, negating the need to consider whether the golf features were primarily used for business. Additionally, such golf features benefit the land. Consequently, with the golf features being akin to the land itself, we cannot say the common pleas court abused its discretion by classifying the golf features as real property.

{¶ 19} Next, we address the driving range canopy deck. The common pleas court found the driving range canopy deck to be an improvement. An improvement is generally classified as real property and "means, with respect to a building or structure, a permanent addition, enlargement, or alteration that, had it been constructed at the same time as the building or structure, would have been considered a part of the building or structure." R.C. 5701.02(D). The common pleas court also found that the driving range canopy deck did not meet the "otherwise specified" test as it is an improvement and not a fixture. The common pleas court further found, assuming arguendo, that the driving range canopy deck was classified as a fixture, it did not constitute a business fixture because decks and canopies are common to buildings. Consequently, the common pleas court found that the driving range canopy deck is exempt from the definition of business fixture. While we find this classification more tenuous, the driving range canopy deck can lend itself to benefits of the realty rather than the business. Accordingly, we find that the common pleas court did not abuse its discretion in classifying the driving range canopy deck as real property.

{¶ 20} Last, we discuss the sprinkler systems. When a taxpayer fails to separately value items that may be classified as tangible personal property, the taxpayer fails to meet the burden of proving a right to a reduction. *York Temple Country Club v. Franklin Cty. Bd. of Revision*, BTA No. 2006-R-50, 2008 WL 1771265 (April 8, 2008); *Goecke Ents., Inc. v. Greene Cty. Bd. of Revision*, BTA Nos. 2005-H-598, 2006-H-465, 2007 WL 3226538 (Oct. 19, 2007). The common pleas court found that the sprinkler systems could fall into the

"otherwise specified" category and meet the definition of business fixture. However, the common pleas court held that appellants failed to meet their burden of showing they were entitled to a reduction because they did not include any separate valuation of the sprinkler systems. Because the burden is upon the taxpayer to prove a right to a reduction, the common pleas court did not abuse its discretion in failing to alter the valuation of the property. Appellants' first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED BY CREATING ITS OWN ELEMENT NOT REQUIRED BY STATUTE AND OTHERWISE ERRED BY FINDING THAT THE GOLF COURSE FEATURES WERE NOT A [SIC] BUSINESS FEATURES BECAUSE "APPELLANTS FAIL TO IDENTIFY HOW, PRECISELY, THESE THINGS AT ONE TIME [WERE] TANGIBLE PERSONAL PROPERTY."

{¶ 23} Appellants argue that the common pleas court erred when it required them to show how golf features were at one time tangible personal property. They argue this was improper because R.C. 5701.03(B) does not require an item to be considered tangible personal property to fall within the definition of "business fixture." As discussed above, R.C. 5701.03(B) generally requires an item to be tangible personal property to qualify as a business fixture. The BTA has rejected a broad interpretation of the alternative definition that does not require an item to first be tangible personal property and has stated that "[t]he limited inclusion of language by the legislature in the definition of business fixture permits foundations and supports specifically designed for machinery, equipment, and the like to be classified as business fixtures." *Polaris*, BTA No. 2004-V-1294, 2007 WL 283010, at *6. In any event, in this case, the golf features were more akin to the land itself, rather than a portion of a building, structure, or improvement. Consequently, we do not find that the common pleas court erred in failing to find the alternative definition applicable in this case.

- 9 -

Appellants' second assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.