[Cite as *Davis v. Butler Cty. Bd. of Revision*, 2013-Ohio-3310.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| ROGER P. DAVIS, et al., | : | |
| | | CASE NO. CA2012-05-114 |
| Plaintiffs-Appellants, | : | |
| | | O P I N I O N |
| | : | 7/29/2013 |
| - vs - | : | |
| | : | |
| BOARD OF REVISION, | : | |
| BUTLER COUNTY, OHIO, et al., | | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010-01-0149

McGowan & Jacobs, LLC, Jack C. McGowan, 246 High Street, Hamilton, Ohio 45011, for plaintiffs-appellants

Michael T. Gmoser, Butler County Prosecuting Attorney, Susan S. Schultz, P.O. Box 515, Hamilton, Ohio 45012-0515, for defendants-appellees

Gary T. Stedronsky, 1714 West Galbraith Road, Cincinnati, Ohio 45239, for defendant, Board of Education, Lakota Local Schools

**S. POWELL, P.J.**

{¶ 1} Plaintiffs-appellants, Roger P. Davis and Deborah K. Davis, who is now deceased, appeal from the Butler County Court of Common Pleas decision regarding a real

property valuation increase for the 2008 tax year.[1]  For the reasons outlined below, we affirm.

{¶ 2}  Davis, a builder and developer of property, is the owner of three parcels of land located at 7839 Hickory Lane, West Chester, Butler County, Ohio ("Property").  Davis' residence is located on one of the parcels, with the other two parcels consisting of unimproved land.  In total, the Property measures approximately 2.8 acres.

{¶ 3}  For the 2008 tax year, the Butler County Auditor ("Auditor") determined that the Property had a true value totaling $598,330 – $548,140 for the residence and $50,190 for the land.  In response, on March 31, 2009, Davis filed a complaint with the Butler County Board of Revision ("BOR") seeking a reduced valuation of the Property to $325,820.  As part of his complaint, Davis claimed that the home was only 80 percent complete with additional needed repairs.  Davis also claimed that such an increase was improper in that the values of other homes in the area were depressed and had lost value.

{¶ 4}  On August 13, 2009, the BOR held a hearing on the matter.  At the hearing, Davis, along with his appraiser, Dan Carrelli, both testified.  Specifically, Carrelli testified that the Auditor's property record incorrectly listed the house as having 6,768 square feet of finished area when it actually only had approximately 4,300 square feet of finished area.  This was based on Carrelli's claim that the home is 80 percent complete and, except for a bathroom area, did not contain a finished basement.  However, Davis testified that the house was only 75 percent complete, with only 4,200 square feet of finished area and no basement bathroom.  According to both Davis and Carrelli, the house is not complete because there is allegedly no deck off the kitchen, there are bare studs and plywood, no baseboards or window trim, and some areas contain only rafters and exposed insulation.  Pictures of the

---

1. Mrs. Davis passed away during the pendency of this matter requiring a delay in the proceedings before the common pleas court.  For ease of discussion, we will refer to appellants collectively as "Davis."

alleged unfinished areas were also provided to the BOR.[2]

{¶ 5} Continuing, Carrelli testified that he believed the true value for the Property was $308,840, and not $325,820 as Davis previously claimed as part of his complaint. Carrelli reached this conclusion by analyzing a number of sales from an abutting neighborhood and organizing them into three categories based on the square footage of the home. This provided Carrelli with an average sale price of $90.00 per square foot. However, noting its good quality construction, Carrelli calculated Davis' home at $95.00 per square foot. This provided for a total value of the Property at $408,500. Carrelli then reduced his valuation by approximately $100,000 due to the alleged unfinished nature of the home and lightning damage to the chimney. Besides questioning Carrelli's untraditional appraisal methods, the Auditor did not present any evidence or testimony at the hearing.

{¶ 6} On September 8, 2009, BOR member and Auditor employee, Sam Powers, met Davis at the Property where Powers, along with two of his colleagues, conducted an exterior inspection of the home. Following this inspection, Powers prepared an extensive 20-page report responding to the evidence and testimony Davis and Carrelli presented during the hearing. As part of his report, Powers determined that the true value for the Property was not $598,330 as the Auditor originally determined, but actually $635,750.

{¶ 7} On November 23, 2009, without ever providing Davis with an opportunity to question his findings, Powers presented this material to the BOR and motioned for the BOR to approve his recommendations. The motion carried. Thereafter, on December 16, 2009, the BOR issued its decision valuing the Property at $635,750.

{¶ 8} On January 13, 2010, Davis filed a notice of appeal from the BOR's decision

---

2. The submitted pictures are not original photographs but rather black and white photocopies of a variety of pictures depicting the alleged unfinished areas. Besides containing a digital date stamp indicating the pictures were taken on July 30, 2009, the photocopied pictures are generally unmarked and difficult to discern.

with the Butler County Court of Common Pleas as provided under R.C. 5717.05. The common pleas court subsequently issued its decision on April 30, 2012. As part of that decision, the court stated:

> The Court shares Davis's [sic] concerns and finds that a report prepared after the hearing by a board member that was not subject to cross examination can not [sic] be used to raise the auditor's valuation.

{¶ 9} The court also found the testimony from Davis and Carrelli regarding the current condition of the home and the appraisal methods used was not reliable. As a result, the court determined that Davis failed to meet his initial burden and obligation to prove that he has a right to a reduction from the Auditor's original findings that the Property had a true value totaling $598,330. Davis now appeals from the common pleas court's decision, raising three assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ADOPTED THE VALUES DETERMINED BY THE AUDITOR NOTWITHSTANDING ITS FINDING THAT THE BOARD OF REVISIONS ACTED UNLAWFULLY WHICH DENIED APPELLANT'S RIGHT TO DUE PROCESS.

{¶ 12} In his first assignment of error, Davis argues the common pleas court erred in its decision to impose a real property valuation for the 2008 tax year. We disagree.

{¶ 13} A property owner dissatisfied with a ruling by the board of revision has two routes for an appeal – appeal to the Board of Tax Appeals ("BTA") under R.C. 5717.01, or, such as the case here, appeal to the common pleas court under R.C. 5717.05. *Oak Hill Local School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 134 Ohio St.3d 549, 2012-Ohio-5750, ¶ 9. The common pleas court and the BTA perform the same function when reviewing a decision of a board of revision. *Beechwood II, L.P. v. Clermont Cty. Bd. of Revision*, 12th

Dist. Clermont No. CA2011-04-033, 2011-Ohio-5449, fn. 1, citing *Murray & Co. Marina, Inc. v. Erie Cty. Bd. of Revision*, 123 Ohio App.3d 166, 172 (6th Dist.1997). For that reason, case law addressing appeals from the BTA may also be applied to appeals from the common pleas court. *Euclid Realty L.L.C. v. Lake Cty. Aud.*, 11th Dist. Lake No. 2012-L-027, 2012-Ohio-5332, ¶ 13.

{¶ 14} Pursuant to R.C. 5717.05, as applicable here, an appeal from a county board of revision may be taken directly to the court of common pleas. As R.C. 5717.05 states:

> The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, or if the complaint and appeal is against a discriminatory valuation, shall determine a valuation that shall correct the discrimination, and the court shall determine the liability of the property for assessment for taxation, if that question is in issue, and shall certify its judgment to the auditor, who shall correct the tax list and duplicate as required by the judgment.

{¶ 15} For taxation purposes, the true value of property has been defined as "that amount [of money] which should result from a sale of such property on the open market." *In re Complaint Against the Valuation of Real Property of Houston*, 12th Dist. Madison No. CA2004-01-003, 2004-Ohio-5091, ¶ 9, quoting *Park Investment Co. v. Board of Tax Appeals*, 175 Ohio St. 410, 412 (1964). In making such a determination, "[n]either the board of revision's property valuation nor an auditor's appraisal is entitled to a presumption of validity." *Eastbrook Farms, Inc. v. Warren Cty. Bd. of Revision*, 194 Ohio App.3d 193, 2011-Ohio-2103, ¶ 16 (12th Dist.), citing *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision*, 68 Ohio St.3d 493, 494-495 (1994).

{¶ 16} Rather, as fact-finder, the common pleas court must "independently weigh and evaluate all evidence properly before it." *Murray* at 173. In conducting this review, the court "should be thorough and comprehensive, and should ensure that its final determination is

more than a mere rubber stamping of the board of revision's determination." *Black v. Cuyahoga Cty. Bd. of Revision*, 16 Ohio St.3d 11, 13-14 (1985). As such, the common pleas court "enjoys broad discretion in determining the weight of the evidence and credibility of the witnesses and is not required to adopt a valuation or appraisal methodology espoused by any expert or witness." *Eastbrook* at ¶ 17. In turn, "[i]n reviewing a board of revision's valuation of property, the trial court under R.C. 5717.05 should independently determine the taxable value of the property in question." *Flax v. Madison Cty. Bd. of Revision*, 12th Dist. Madison No. CA87-02-004, 1987 WL 16297, *2 (Aug. 31, 1987). Therefore, although R.C. 5717.05 does not provide for a de novo trial at the common pleas court level, it does contemplate a de novo decision. *SSN II, Ltd. v. Warren Cty. Bd. of Revision*, 12th Dist. Warren No. CA2012-04-037, 2013-Ohio-1112, ¶ 11, citing *Black at* 13-14.

{¶ 17} Nevertheless, in challenging a county auditor's valuation determination on appeal to the common pleas court, a taxpayer has the initial burden and obligation to prove the right to a reduction. *See* R.C. 5717.01, et seq.; *see also Fairlawn Assoc., Ltd. v. Summit Cty. Bd. of Revision*, 9th Dist. Summit No. 22238, 2005-Ohio-1951, ¶ 11; *Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision*, 37 Ohio St.3d 318, 319 (1988). As a result, a taxpayer "may successfully challenge a determination of a board of revision only where the taxpayer produces competent and probative evidence to establish the correct value of the subject property." (Internal brackets removed.) *Eastbrook*, 2011-Ohio-2103 at ¶ 18; *Amsdell v. Cuyahoga Cty. Bd. of Revision*, 69 Ohio St.3d 572, 574 (1994).

{¶ 18} An auditor has no corresponding burden to defend his valuation, and a taxpayer is not entitled to a reduction simply because the auditor does not present evidence to rebut his claim. *Fairlawn* at ¶ 12; *Murray*, 123 Ohio App.3d at 172; *W. Industries, Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342 (1960) (a taxpayer is "not entitled to the deduction claimed merely because no evidence is adduced contra his claim"). Such duty to

defend is only triggered once the taxpayer establishes his right to a value reduction. *Eastbrook* at ¶ 18. However, by not presenting any evidence, "the BOR and county auditor do risk that the court will find the appellant's evidence competent and probative, and therefore, determinative of the appeal." *Scranton-Averell, Inc. v. Cuyahoga Cty. Fiscal Officer*, 8th Dist. Cuyahoga Nos. 98493 and 98494, 2013-Ohio-697, ¶ 25, citing *Restivo v. Bd. of Revision of Ottawa Cty.*, 6th Dist. Ottawa No. 99-OT-052, 1999 WL 1318517, *3 (Dec. 30, 1999).

{¶ 19} As this court has stated previously, the common pleas court's independent judgment of a property's value will not be reversed on appeal absent a showing of an abuse of discretion. *Houston*, 2004-Ohio-5091 at ¶ 6; *Highland Towers Akron, L.L.C. v. Summit Cty. Bd. of Revision*, 9th Dist. Summit No. 26338, 2012-Ohio-4386, ¶ 6. A decision constitutes an abuse of discretion only when it is found to be unreasonable, arbitrary, or unconscionable. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 13. "Deference is always due in an abuse-of-discretion case." *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, Slip Opinion No. 2013-Ohio-1777, ¶ 28.

{¶ 20} Initially, we note that Davis argues extensively that the BOR improperly based its decision to increase the valuation of the Property based on Powers' submitted report. While we may agree with Davis' sentiments, we fail to see how this decision impacts the common pleas court's decision on appeal. In fact, as the common pleas court specifically stated:

> The Court shares Davis's [sic] concerns and finds that a report prepared after the hearing by a board member that was not subject to cross examination can not [sic] be used to raise the auditor's valuation.

The common pleas court, therefore, actually agreed with Davis' contention that the BOR could not impose an increased valuation of the Property.

{¶ 21} Despite this, Davis also argues that because the BOR improperly based its decision on Powers' submitted report, the common pleas court was required to remand for a new hearing. Davis has provided this court with no case law in support of this theory, and our research has not uncovered any support for such a claim. Rather, based on our review of case law and statutory guidelines, we find the exact opposite to be true.

{¶ 22} As noted above, "[i]n reviewing a board of revision's valuation of property, the trial court under R.C. 5717.05 should independently determine the taxable value of the property in question." *Flax*, 1987 WL 16297 at *2. As that section provides:

> [The common pleas court] shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, or if the complaint and appeal is against a discriminatory valuation, shall determine a valuation that shall correct the discrimination, and the court shall determine the liability of the property for assessment for taxation[.]

That is exactly what occurred here. As the common pleas court explicitly stated:

> This Court has reviewed the entire transcript of the BOR proceedings. After carefully and independently evaluating all of the evidence, weighing it and the credibility of the witnesses the Court finds that Davis has not meet [sic] his burden.

Again, although R.C. 5717.05 does not provide for a de novo trial, it does contemplate a de novo decision. *SSN II*, 2013-Ohio-1112 at ¶ 11, citing *Black*, 16 Ohio St.3d at 13-14.

{¶ 23} As the record reveals, after conducting an independent evaluation of the evidence properly submitted to the BOR, the court simply found that Davis' request for a reduction was not adequately supported by what it considered to be competent and probative evidence. This was Davis' burden to meet. He failed to do so. It is well-settled principle that "when a county auditor acts within the limits of the jurisdiction conferred by law, the auditor's action is presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment." (Internal quotation marks

omitted.) *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, ¶ 31. Therefore, based on the record before this court, the common pleas court's decision was well within its discretion in finding Davis was not entitled to his requested reduction. This is particularly true considering the untraditional appraisal methods employed by Carrelli, something which the court found to be unreliable. Accordingly, Davis' first assignment of error is overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE COURT ERRED TO THE PREJUDICE OF APPELLANT BY PRECLUDING ADDITIONAL EVIDENCE AND CANCELING TRIAL WHERE APPELLEE FAILED TO OBJECT UNTIL THE MONTH BEFORE TRIAL AFTER EXTENSIVE DISCOVERY INCLUDING RETENTION OF EXPERTS AND DEPOSITIONS HAD BEEN TAKEN.

{¶ 26} In his second assignment of error, Davis argues the common pleas court erred in its decision not to accept any additional evidence on appeal. However, as R.C. 5717.05 explicitly states, "[t]he court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence." In turn, and as noted by the Ohio Supreme Court, the provisions of R.C. 5717.05 "permit the court to consider additional evidence in its discretion but do not require it to do so[.]" *Park Ridge Co. v. Franklin Cty. Bd. of Revision*, 29 Ohio St.3d 12, 14 (1987). As a result, it is within a common pleas court's discretion to accept new evidence on appeal. *See Powell v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 98681, 2013-Ohio-2460, ¶ 19.

{¶ 27} After a thorough review of the record, and although we question the timing of the common pleas court's decision in this regard, especially in light of the discovery already conducted by both parties, we find no abuse of discretion. We do not come to this decision lightly. However, it is well-established that "when applying the abuse-of-discretion standard,

- 9 -

a reviewing court is not free to merely substitute its judgment for that of the trial court." *Bracket v. Moler Raceway Park, L.L.C.*, 195 Ohio App.3d 372, 2011-Ohio-4469, ¶ 19 (12th Dist.). Moreover, "[t]he fact that we may have reached a different conclusion than that of the trial court does not establish an abuse of discretion." *Kitchens v. McKay*, 38 Ohio App.3d 165, 170 (12th Dist.1987). Therefore, as we find no abuse of discretion in the common pleas court's decision precluding Davis from submitting any additional evidence in this matter, Davis' second assignment of error is overruled.

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE COURT ERRED TO THE PREJUDICE OF APPELLANT BY DETERMINING THAT THE TESTIMONY OF APPELLANT AS THE OWNER OF THE PROPERTY WAS NOT COMPETENT EVIDENCE.

{¶ 30} In his third assignment of error, Davis argues the common pleas court erred by "ignoring" his testimony by finding it "neither competent nor probative." However, after a thorough review of the record, Davis' claim is simply incorrect. Once again, as the common pleas court explicitly stated:

> This Court has reviewed the entire transcript of the BOR proceedings. After carefully and independently evaluating all of the evidence, weighing it and the credibility of the witnesses the Court finds that Davis has not meet [sic] his burden.

As can be seen, and contrary to Davis' claims otherwise, the common pleas court did not "ignore" his testimony. Rather, the court found that such testimony was not credible and lacked the necessary reliability to overcome his initial burden requiring him to prove he was entitled to his requested reduction. As noted above, the common pleas court did not err in making such a determination. Davis' third assignment of error is therefore overruled.

{¶ 31} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.