[Cite as *State v. Heineman*, 2021-Ohio-643.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 9-20-10

    v.

RICHARD HEINEMAN,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion Municipal Court
Trial Court No. CRB 1903058

Judgment Affirmed

Date of Decision:  March 8, 2021

APPEARANCES:

    *Carlos M. Crawford* **for Appellant**

    *Michael D. Swartz* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Richard Heineman ("Heineman") brings this appeal from the judgment of the Marion Municipal Court. On appeal, Heineman claims that the trial court erred by admitting certain items of evidence, that the judgment is against the manifest weight of the evidence, and that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 6, 2019, Deputy Kevin Davidson ("Davidson") issued a citation to Heineman for violating the terms of a certain civil protection order ("CPO") in violation of R.C. 2919.27. Doc. 1. A jury trial was held in the Marion Municipal Court on March 4, 2020. During the trial, the following testimony was presented.

{¶3} The victim testified that on November 20, 2018, she obtained the CPO against Heineman which prohibited Heineman from having any contact with her. Tr. 10-11. The victim testified that she observed Heineman throwing yard debris into her yard. Tr. 12. The victim then went outside and threw the sticks into Heineman's yard. Tr. 12. Heineman then came out, yelled at her, and threw the debris back into her yard, striking her with some of it. Tr. 12. The victim then called the police and Davidson came out and spoke with her and Heineman separately. Tr. 13-14. On cross-examination, the victim admitted that the yard debris that Heineman put in her yard was from her trees. Tr. 16.

{¶4} The victim's son, Ryan Whittaker ("Whittaker") testified that on the day in question, he was at the victim's home. Tr. 19. He was looking out the kitchen window and saw Heineman pick up sticks and throw them towards the victim while yelling at her. Tr. 19. Whittaker started to go outside when the victim came in saying she was calling the police. Tr. 22.

{¶5} Davidson testified that he was dispatched to the victim's home where he spoke with her and Whittaker. Tr. 26. Davidson then went and spoke with Heineman who indicated he was tired of her sticks in his yard and admitted that he had originally put them back in the victim's yard. Tr. 26. Davidson identified State's Ex. 2 as a copy of the body camera footage from the investigation. Tr. 27. After speaking with Heineman, Davidson arrested him for violating the CPO. Tr. 28. Before speaking to anyone, Davidson had confirmed that the CPO was still valid. Tr. 30. Davidson testified that Heineman had admitted to saying "I'm tired of this" to the victim. Tr. 31-32. The State then rested its case.

{¶6} Heineman testified that he saw that the victim had thrown branches into his yard that he had returned to her yard as they had come from her tree. Tr. 39-40. Heineman testified that he said "I'm tired of this shit" to himself because every time her yard debris gets piled in his yard, he has to pay to have it hauled away. Tr. 39-40. Heineman denied that he ever interacted with the victim. Tr. 41-42. According to Heineman, he knew the victim had security cameras, so he would not have done anything because she was recording it. Tr. 41.

{¶7} Following Heineman's testimony, the defense rested. As rebuttal, the State replayed the body cam footage. Tr. 63-64. The jury returned a verdict of guilty. Doc. 23. The trial court accepted the verdict of guilty and sentenced Heineman to 180 days in jail with 175 days suspended and a $400 fine with $200 suspended.[1] Doc. 20. Heineman appealed from this judgment. Doc. 30. On appeal, Heineman raises the following assignments of error.

### First Assignment of Error

**The court erred in permitting the State to re-play vest camera footage in rebuttal at [Heineman's] trial, which resulted in an unfair trial.**

### Second Assignment of Error

**The court erred in admitting improperly authenticated body camera video footage**

### Third Assignment of Error

**Defense counsel was ineffective for failing to object to the admission of vest cam footage in the absence of proper authentication**

### Fourth Assignment of Error

**[Heineman's] conviction was against the manifest weight of the evidence.**

In the interest of clarity, the assignments of error will be addressed out of order.

---

[1] This Court notes that the trial court also ordered the defendant to "be evaluated for hearing assisting devices and acquire the recommended option." How this was related to the offense charged does not appear in the record. However, the issue was not raised on appeal, so we need not address it.

*Body Camera Footage*

**{¶8}** In the second assignment of error, Heineman claims the trial court erred by admitting the body camera footage as it had not been properly authenticated. The admission of evidence is usually within the sound discretion of the trial court and will only be reversed upon a showing that the trial court abused that discretion. *Peters v. Ohio State Lottery, Comm.*, 63 Ohio St.3d 296, 299, 587 N.E.2d 290 (1992). "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). One way to authenticate evidence is to have a witness with knowledge of the item testify to what it is. Evid.R. 901(B)(1). A review of the record shows that Davidson identified the footage as coming from his body camera before the video was played. Tr. 27. Although the identification could have been clearer before the video was played, Davidson was very clear as to the accuracy of the video after it was shown. After the video was stopped at one minute seventeen seconds, which was all that was shown to the jury, Davidson testified that the video was a true and accurate depiction of what occurred. Tr. 30. Furthermore, Heineman makes no claim that the video was not what it was purported to be or that it was not authentic, merely that it was prejudicial. Based upon Davidson's identification of the video as one with knowledge of it, the requirements of authentication were met. The second assignment of error is overruled.

*Effectiveness of Counsel*

**{¶9}** Heineman claims in the third assignment of error that his counsel was ineffective for failing to object to the admission of the body camera footage due to lack of proper authentication.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."** *State v. Hester* **(1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."** *State v. Lytle* **(1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.** *See Vaughn v. Maxwell* **(1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson***, 64 Ohio St.2d [107] at 110–111, 18 O.O.3d [348] at 351, 413 N.E.2d [819] at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20. "To show prejudice, the defendant must show a reasonable probability that, but

for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶10} Heineman claims that his counsel was ineffective for failing to object to the admission of the video because it was not properly authenticated. This Court addressed this issue above and found that the video was properly authenticated. Thus, counsel was not ineffective for failing to object to the admission of the video evidence due to failure to authenticate it. The third assignment of error is overruled.

*Rebuttal Evidence*

{¶11} Heinemen claims in the first assignment of error that the trial court erred by allowing the video to be replayed during the State's rebuttal. As discussed above, the admission of evidence is left to the sound discretion of the trial court. The trial court's decision will not be reversed merely because this Court may have reached a different conclusion. *Davis v. Butler Cty. Bd. of Revision*, 12th Dist. No. CA2012-05-114, 2013-Ohio-3310, ¶ 27.

{¶12} Generally out of court statements offered for the truth of the matter asserted are defined as hearsay. Evid.R. 801(C). However, a prior statement by a witness is not hearsay if it meets certain criteria.

> **The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (b) consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive * * *.**

Evid.R. 801(D)(1).

{¶13} In this case, the victim and Whittaker both testified at trial and were subject to cross-examination. The victim testified that Heineman called her a name. Heineman testified that he did not call her a name. The State wanted to use the body camera footage to show that the victim's and Whittaker's trial statements were consistent with their prior statements. Davidson testified that the testimony given at the trial was consistent with what he was told during the investigation. Tr. 64. Reviewing the testimony of Heineman, he did not claim there was recent fabrication, but rather that the victim and Whittaker had been lying from the beginning about his actions. However, the trial court found that he had challenged the credibility of the witnesses and allowed the State to use the prior consistent statements to rehabilitate the witnesses. The decision as to whether to allow the evidence to be presented is left to the discretion of the trial court. Even though it could arguably have reached the opposite conclusion than the one it did, we do not find that the trial court abused its discretion in doing so, because it was not unreasonable, arbitrary, or unconscionable. The first assignment of error is overruled.

*Manifest Weight of the Evidence*

{¶14} When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Mendoza*, 137 Ohio App.3d 336, 738 N.E.2d 822 (3d Dist. 2000). See, also, *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. *Thompkins* at 387, 678 N.E.2d 541. Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given. *State v. Moorer*, 3d Dist. Seneca No. 13–12–22, 2013-Ohio-650, ¶ 29.

{¶15} Reviewing the evidence in this case, the testimony was that Heineman was under a no contact order with the victim. He was prohibited from even talking to her at all. Although Heineman denies that he said anything to the victim, he stated that he said he was tired of things. The victim testified that he called her a name. Whittaker testified that he saw Heineman yelling at the victim. The jury heard the witnesses and was able to weigh the credibility of each of them. Viewing the evidence as a whole, this Court does not find that the evidence weighs heavily

against conviction or that the jury clearly lost its way creating a manifest miscarriage of justice. The fourth assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion Municipal Court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**