[Cite as *EGAP Mason I, L.L.C. v. Warren Cty. Bd. of Revision*, 2024-Ohio-5049.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| EGAP MASON I, LLC, | : | |
| Appellant, | : | CASE NO. CA2024-05-030 |
| | : | O P I N I O N |
| - vs - | | 10/21/2024 |
| | : | |
| WARREN COUNTY BOARD OF REVISION, et al., | : | |
| | : | |
| Appellees. | | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CV096297

The Gibbs Firm, LPA, and Ryan J. Gibbs, for appellant.

David P. Fornshell, Warren County Prosecuting Attorney, and Kathryn M. Horvath, Assistant Prosecuting Attorney, for appellees, Warren County Board of Revision and Warren County Auditor.

David C. Dimuzio, Inc., and Matthew C. Dimuzio and David C. Dimuzio, for appellee, Mason City School District Board of Education.

**HENDRICKSON, J.**

{¶ 1} Appellant, EGAP Mason I, LLC ("EGAP"), appeals the decision of the Warren County Court of Common Pleas upholding a decision issued by appellee, the Warren County Board of Revision ("WCBOR"). The WCBOR decision overruled EGAP's

appeal from the decision of appellee, the Warren County Auditor ("WCA"), increasing the 2022 tax year valuation of certain commercial property that EGAP had recently purchased in an arm's-length transaction for $12,000,000. For the reasons outlined below, we affirm the common pleas court's decision.

**Facts and Procedural History**

*Introduction*

{¶ 2}  On October 28, 2021, EGAP purchased in an arm's-length transaction the commercial property located at 5210 Kings Mills Road, Mason, Warren County, Ohio for $12,000,000. This was $3,800,000 more than what the property had last sold for on February 14, 2012. In early 2023, the WCA revalued the property for the 2022 tax year at $11,004,350. This included $9,718,700 for the building and $1,285,650 for the land. This was an increase from the $6,981.950 valuation the property had received for the 2021 tax year. The subject property holds a community shopping center that includes a Kroger grocery store and other retail establishments.

*Undisputed Facts*

{¶ 3}  There is no dispute that the 2022 tax year was considered an "interim" year for real property tax appraisal purposes with the next sexennial countywide reappraisal now ongoing for the 2024 tax year. There is also no dispute that the WCA adjusted the subject property's value for the 2022 tax year based on the property having just recently been sold to EGAP in an arm's-length transaction for $12,000,000. There is additionally no dispute that R.C. 5713.01(B) authorizes a county auditor, like the WCA in this case, to "revalue and assess at any time all or any part of the real estate in such county, including land devoted exclusively to agricultural use, where the auditor finds that the true or taxable values thereof have changed . . . ." Therefore, pursuant to R.C. 5713.01(B), there is no dispute that the WCA was statutorily authorized to revalue the property in early 2023 for

purposes of the 2022 tax year.

*EGAP's Complaint and Motion to "Correct" Alleged "Discriminatory Valuation"*

{¶ 4} On March 31, 2023, EGAP filed a complaint against the WCA's upward valuation of the property with the WCBOR. The WCBOR held a hearing on EGAP's complaint on June 7, 2023. The following week, on June 14, 2023, the WCBOR issued a decision denying EGAP's complaint. In so doing, the WCBOR determined that the WCA's decision to value the property at $11,004,350 for the 2022 tax year was "justified."

{¶ 5} On July 6, 2023, EGAP filed an appeal from the WCBOR's decision with the common pleas court. Several months later, on December 18, 2023, EGAP filed with the common pleas court a motion to "correct" the alleged "discriminatory valuation" the WCA had made of the property for the 2022 tax year. To support this claim, EGAP argued that the WCA valuing the property at $11,004,350 for the 2022 tax year violated the "uniform taxation clause" set forth in Article XII, Section 2 of the Ohio Constitution, as well as the equal protection clauses provided for in both the Ohio and United States Constitutions.[1]

{¶ 6} On January 10, 2024, the common pleas court held a hearing on EGAP's motion. This hearing was held before a common pleas court magistrate. Approximately three weeks later, on February 5, 2024, the magistrate issued a decision that affirmed the WCBOR's decision and denied EGAP's motion to "correct" the alleged "discriminatory valuation" that the WCA made of the property. In so doing, the magistrate stated:

> Based upon the transcript, supplemental evidence, and arguments of counsel, the undersigned Magistrate finds that the Warren County Auditor properly utilized his authority to revalue the subject property and the Auditor did not discriminate against Appellant when he assessed the 2022 value on the subject property.

---

1. The so-called "uniform taxation clause" to which EGAP is referring provides that "[l]and and improvements thereon shall be taxed by uniform rule according to value . . . ." Ohio Constitution, Article XII, Section 2.

{¶ 7}  On February 20, 2024, EGAP raised three objections to the magistrate's decision.  Those three objections stated, in pertinent part, the following:

> (1) The Magistrate erred when he found the Warren County Auditor's 2022 assessment of the subject property to be a discriminatory valuation but failed to give relief under the Equal Protection Clauses of the Ohio and United States Constitutions because the discrimination was for a "short[] period."  (Brackets in original.)
>
> (2) The Magistrate erred by failing to find that the Auditor's discrimination against Appellant was "systematic and intentional."
>
> (3) The Magistrate's Decision is in error because its legal conclusions are premised on a series of fatal misstatements of procedure and fact.

*The Common Pleas Court's Decision Denying EGAP's Objections*

{¶ 8}  On May 21, 2024, the common pleas court issued a decision overruling EGAP's three objections to the magistrate's decision.  In so holding, the common pleas court initially stated in regard to EGAP's first objection to the magistrate's decision:

> Appellant's argument not only misstates the Magistrate's conclusion but is logically and legally flawed.  The Magistrate held that the "Warren County Auditor properly utilized his authority to revalue the subject property and the Auditor **did not** discriminate against Appellant when he assessed the 2022 value on the subject property." . . . Thus, this assignment of error requires no further analysis.

(Bold text in original.)  The common pleas court also stated regarding EGAP's first objection:

> The Court finds that any argument against the Magistrate's finding that the auditor did not discriminate against Appellant to be waived as it was not specifically raised in the objection.

The common pleas court reached this decision based upon the well-established principle that a reviewing court has no duty to "root out" or develop an argument that could support an assigned error, even if one exists.  *See Lebanon v. Ballinger*, 2015-Ohio-3522, ¶ 27.

- 4 -

{¶ 9} Next, in regard to EGAP's second objection, portions of which EGAP supported with arguments the common pleas court found to be "curious and perplexing at best," the common pleas court stated:

> Upon thorough review of the record and evidence presented, it is clear that a common level of assessment [—which the common pleas court noted was "the term used to describe the percentage of total true value that is subjected to taxation"—] was applied to the subject property. This common level assessment is identical to the level of assessment applied to all other properties in Warren County. Thus, not only is the record devoid of any "systematic and intentional discrimination," but the record also does not support an argument of discrimination.

{¶ 10} The common pleas court reached this decision by finding this case was indistinguishable from the Ohio Supreme Court's decision issued over 40 years ago in *Meyer v. Cuyahoga Cty. Bd. of Revision*, 58 Ohio St.2d 328 (1979). In that case, the Ohio Supreme Court "approved valuing a property at its sale price despite values of other, neighboring properties being the appraised value as of the last sexennial reappraisal date," holding in paragraphs one and two of the syllabus that a county board of revision, like the WCBOR in this case, does not violate Section 2, Article XII, Ohio Constitution, or the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, "when it reappraises the individual parcel based on its most recent sale price." *Reynoldsburg Bd. of Edu. v. Licking Cty. Bd. of Revision*, 78 Ohio St.3d 543, 545 (1997), citing *Meyer* at paragraphs one and two of the syllabus. In so holding, the Ohio Supreme Court noted in closing that:

> The system of taxation unfortunately will always have some inequality and nonuniformity attendant with such governmental function. It seems that perfect equality in taxation would be utopian, but yet, as a practicality, unattainable. We must satisfy ourselves with a principle of reason that practical equality is the standard to be applied in these matters, and this standard is satisfied when the tax system is free of systematic and intentional departures from

this principle.

*Meyer* at 335.

{¶ 11} Finally, in regard to EGAP's third objection, the common pleas court stated that it had "reviewed the record and the transcript in this case" and found no merit to EGAP's claim that the "legal conclusions" set forth in the magistrate's decision were "premised on a series of fatal misstatements of procedure and fact."

**EGAP's Appeal and Four Assignments of Error**

{¶ 12} On May 29, 2024, EGAP filed an appeal from the common pleas court's decision. Following briefing, oral argument was held before this court on September 3, 2024. EGAP's appeal now properly before this court for decision, EGAP has raised four assignments of error for review. In its four assignments of error, EGAP argues the common pleas court erred by denying his motion to "correct" the alleged "discriminatory valuation" the WCA had made of the subject property for the 2022 tax year. To support this claim, EGAP maintains several arguments wherein it claims the WCA's valuation of its property was "discriminatory" and therefore violative of both the Ohio and United States Constitutions. We disagree.

*Rules of Law for Tax Valuation*

{¶ 13} Pursuant to R.C. 5717.05, and as applicable here, an appeal from a county board of revision may be taken directly to the court of common pleas. *Davis v. Butler Cty. Bd. of Revision*, 2013-Ohio-3310, ¶ 14 (12th Dist.). Specifically, as R.C. 5717.05 states:

> As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation.

{¶ 14} Upon such an appeal being taken, R.C. 5717.05 provides that the common pleas court "may hear the appeal on the record and the evidence thus submitted, or it

- 6 -

may hear and consider additional evidence." Continuing, R.C. 5717.05 then provides that the common pleas court:

> shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, *or if the complaint and appeal is against a discriminatory valuation, shall determine a valuation that shall correct the discrimination*, and the court shall determine the liability of the property for assessment for taxation, if that question is in issue, and shall certify its judgment to the auditor, who shall correct the tax list and duplicate as required by the judgment.

(Emphasis added.) In correcting a discriminatory valuation, R.C. 5717.05 provides that the common pleas court:

> shall increase or decrease the value of the property whose valuation or assessment by the county board of revision is complained of by a percent or amount that will cause the property to be listed and valued for taxation by an equal and uniform rule.

{¶ 15} It is well established that "[t]he best method of determining the true value is 'an actual sale between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so.'" *In re Complaint Against the Valuation of Real Property of Houston*, 2004-Ohio-5091, ¶ 9 (12th Dist.), quoting *Park Invest. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 412 (1964). Therefore, for tax valuation purposes, the "true value" of the property is the amount that should result from the sale of the property on the open market. *Davis*, 2013-Ohio-3310 at ¶ 15. "In making such a determination, '[n]either the board of revision's property valuation nor an auditor's appraisal is entitled to a presumption of validity.'" *Id.*, quoting *Eastbrook Farms, Inc. v. Warren Cty. Bd. of Revision*, 2011-Ohio-2103, ¶ 16 (12th Dist.), citing *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision*, 68 Ohio St.3d 493, 494-495, 1994-Ohio-501. Rather, as the finder of fact, the common pleas court must "independently weigh and evaluate all evidence properly before it." *Murray & Co. Marina, Inc. v. Erie Cty. Bd. of*

*Revision*, 123 Ohio App.3d 166, 173 (6th Dist.1997).

**{¶ 16}** The common pleas court, in conducting this review, "should be thorough and comprehensive, and should ensure that its final determination is more than a mere rubber stamping of the board of revision's determination." *Black v. Cuyahoga Cty. Bd. of Revision*, 16 Ohio St.3d 11, 13-14 (1985). Accordingly, when reviewing a board of revision's "true value" determination, the common pleas court "enjoys broad discretion in determining the weight of the evidence and credibility of the witnesses and is not required to adopt a valuation or appraisal methodology espoused by any expert or witness." *Eastbrook Farms*, 2011-Ohio-2103 at ¶ 17. "[T]he common pleas court's independent judgment of a property's value will not be reversed on appeal absent a showing of an abuse of discretion." *Houston*, 2004-Ohio-5091 at ¶ 6. "A decision constitutes an abuse of discretion only when it is found to be unreasonable, arbitrary, or unconscionable." *Davis*, 2013-Ohio-3310 at ¶ 19, citing *State ex rel. Ebbing v. Ricketts*, 2012-Ohio-4699, ¶ 13.

*EGAP's Arguments and Analysis*

**{¶ 17}** Recently, under a nearly identical factual scenario, this court rejected the exact same four assignments of error raised by EGAP herein. *Spirit Realty, LP v. Warren Cty. Bd. of Revision*, 2024-Ohio-4734 (12th Dist.). In *Spirit Realty*, just like in the case at bar, this court noted that:

> [Spirit Realty's] appeal is not directed at whether the common pleas court abused its discretion when finding the "true value" of the subject property was $4,979,520 for the 2022 tax year. [Spirit Realty's] appeal is instead directed at the common pleas court's decision finding "not only is the record devoid of any 'systematic and intentional discrimination,' but the record also does not support an argument of discrimination," within its decision overruling [Spirit Realty's] two objections to the magistrate's decision affirming the decision of the WCBOR. Therefore, rather than a question of whether the common pleas court abused its discretion by finding the "true value" of

the subject property was $4,979,520, the question in this case is whether the trial court erred by finding [Spirit Realty] had failed to establish that its property was subject to a "discriminatory valuation" when the WCA adjusted its value for the 2022 tax year to $4,979,520 based upon it having just recently been sold to [Spirit Realty] in an arm's-length transaction for $6,000,000.

*Id.* at ¶ 16.

**{¶ 18}** In the next paragraph, this court then rejected Spirit Realty's appeal upon finding this question has already been decided by the Ohio Supreme Court over 40 years ago in *Meyer*, 58 Ohio St.2d 328. As noted above, in that case, the Ohio Supreme Court "approved valuing a property at its sale price despite values of other, neighboring properties being the appraised value as of the last sexennial reappraisal date," holding in paragraphs one and two of the syllabus that a county board of revision, like the WCBOR, does not violate Section 2, Article XII, Ohio Constitution, or the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, "when it reappraises the individual parcel based on its most recent sale price." *Reynoldsburg*, 78 Ohio St.3d at 545, citing *Meyer*, 58 Ohio St.2d at paragraphs one and two of the syllabus. This case, just as it was with *Spirit Realty*, is indistinguishable in any meaningful way from that of *Meyer*, thus obligating this court to find each of EGAP's four assignments of error challenging the common pleas court's decision in this case meritless. This includes the fact that, rather than it being the WCBOR that revalued the property for the 2022 tax year, it was instead the WCA who made that determination given the property had just recently sold to EGAP in an arm's-length transaction for $12,000,000.

**{¶ 19}** "[T]he [Ohio] Supreme Court has sanctioned the present system of sexennial on-site appraisals and triennial updates as the fairest and most equitable procedure for complying with the constitutional mandate of taxation by uniform rule." *Restivo v. Bd. of Revision*, 1999 Ohio App. LEXIS 6399, *12 (6th Dist. Dec. 30, 1999),

citing *State ex rel. Park Inv. Co. v. Bd. of Tax Appeals*, 32 Ohio St.2d 28, 32 (1972). Therefore, given the Ohio Supreme Court has already approved this state's present system as satisfying the Ohio Constitution's mandate of taxation by uniform rule, EGAP's challenge to that system, just as Spirit Realty's challenge before it, must necessarily lack merit. In so holding, we note our agreement with the common pleas court's decision finding that:

> Upon thorough review of the record and evidence presented, it is clear that a common level of assessment [—which the common pleas court noted was "the term used to describe the percentage of total true value that is subjected to taxation"—] was applied to the subject property. This common level assessment is identical to the level of assessment applied to all other properties in Warren County. Thus, not only is the record devoid of any "systematic and intentional discrimination," but the record also does not support an argument of discrimination.

"Pursuant to Section 2, Article XII, of the Ohio Constitution and Section I of the Fourteenth Amendment to the United States Constitution, taxation by uniform rule requires uniformity in the mode of assessment." *Trustees of Scottish Rite Bodies of the Valley of Cincinnati v. Rhodes*, 2001 Ohio App. LEXIS 6117, *1 (1st Dist. Sept. 26, 2001). Thus, "[r]eal property, whether commercial, residential, or vacant, must be assessed on the basis of the same uniform percentage of actual value." *Restivo* at *12. That is exactly what occurred here. To the extent EGAP claims otherwise, and to the extent EGAP claims the common pleas court's decision was made in error, such arguments lack merit.

**Conclusion**

{¶ 20} For the reasons set forth above, and finding no merit to any of the arguments raised by EGAP in support of its four assignments of error raised herein, EGAP's appeal from the common pleas court's decision overruling its appeal from the WCA's decision increasing the tax valuation of its property located at 5210 Kings Mills

Road, Mason, Warren County, Ohio based upon that property having just recently been sold to EGAP for $12,000,000 is denied.  This is because, as stated above, "the fixing of the true value of a parcel of real estate separately and between sexennial reappraisals for tax purposes does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, nor the uniform rule as provided in Section 2, Article XII of the Ohio Constitution."  *Meyer*, 58 Ohio St.2d at 335.

**{¶ 21}** Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.