6

Parkwood Iron & Metal, Inc., Appellant, *v.* Cuyahoga County Bd. of Revision et al., Appellees.

(No. 76-197—Decided October 13, 1976.)

*Danaceau, Brown & Hausler Co., L. P. A., Mr. Robert E. Danaceau* and *Mr. Michael A. Simms,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Timothy L. Nesbitt,* for appellee Cuyahoga County Board of Revision.

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley, Mr. Fred J. Livingstone* and *Mr. Michael L. Gordon,* for appellee Cleveland Board of Education.

*Per Curiam.* Appellant contends that the sales price paid for the land in 1974 does not reflect its fair market value for that tax year. In support thereof, appellant states that the Board of Tax Appeals abused its discretion by ignoring the uncontroverted evidence presented by appellant at the hearing before the board.

In *State, ex rel. Park Investment Co., v. Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 412, this court stated, "[t]he best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. Paragraph two of the syllabus in *In re Estate of Sears* (1961), 172 Ohio St. 443 * * *."

In its decision entry, the Board of Tax Appeals concluded that "the record before the board is completely devoid of testimony or evidence that appellant was under compulsion to buy the property. It is the decision of the Board of Tax Appeals that the fair market value of the subject real property on January 1, 1974, is best evidenced by the sales price paid by appellant."

This court has held that "[t]he fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful. (*Board of Revision v. Fodor* (1968), 15 Ohio St. 2d 52, approved and followed.)" *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, paragraph four of the syllabus.

Following a review of the record, this court does not find the decision of the board to be unreasonable or unlawful, and it is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.