MacVeigh et al., Appellants, *v.* Clermont County Board of Revision, Appellee.
Sheppard et al., Appellants, *v.* Clermont County Board of Revision, Appellee.

(Nos. 76-302 and 76-303—Decided November 17, 1976.)

58

Mr. *James W. Carpenter*, for appellants.

Mr. *Robert A. Jones*, prosecuting attorney, and *Mr. Robert P. Ringland*, for appellee.

*Per Curiam.* In *Parkwood Iron & Metal* v. *Bd. of Revision* (1976), 48 Ohio St. 2d 6, this court had before it a property owner's argument that the sales price paid for the property there in question did not reflect its fair market value. The decision of the Board of Tax Appeals, that the fair market value of the property was reflected by the purchase price of such property, was not found to be unreasonable or unlawful.

This court has said many times that the best method of determining value is an actual sale of property between one who is willing but not compelled to buy and one who is willing but not compelled to sell. See *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410.

The fair market value of property for tax purposes is a question of fact, primarily to be determined by the taxing authorities. *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13.

The decisions of the Board of Tax Appeals are neither unreasonable nor unlawful and, on authority of *Parkwood Iron & Metal* v. *Bd. of Revision, supra,* they are affirmed.

*Decisions affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.