MEYER ET AL., APPELLANTS, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

(No. 78-1313—Decided June 13, 1979.)

Mr. *Richard A. Oviatt* and Mr. *Russell B. Day,* for appellants.

Mr. *John T. Corrigan,* prosecuting attorney, Ms. *Karen A. Hassenzahl* and Mr. *Timothy J. Armstrong,* for appellee Cuyahoga County Board of Revision.

Holmes, J. The main thrust of the appellants' appeal does not urge this court to find that the fair market value of their property is necessarily lower than $120,000. They contend that it is basically unfair that the board of revision, and the courts upon appeal, have adopted the purchase price method of evaluating their property for tax purposes while not requiring the auditor to revalue other surrounding properties on the same basis as theirs was reappraised.

Appellants argue that their real estate has been reappraised and taxed by a different method than utilized for their neighbors, and thence such taxing is unconstitutional contrary to Section 2, Article XII of the Ohio Constitution which provides, "[l]and and improvements thereon shall be taxed by uniform rule according to value."

Appellants argue further that this court in a number of leading cases has emphatically spelled out in its decision law that Section 2 of Article XII requires that all real property must be assessed by an equal and uniform rule according to true value in money. More specifically, appellants argue that the holdings in the *Park Investment Company* cases substantiate their position in this cause.[1]

R. C. 5713.01, providing for the assessment of real estate, at the time of this cause, stated in pertinent part as follows:

"The auditor shall assess all the real estate situated in the county at its taxable value in accordance with sections 5713.03 and 5715.01 of the Revised Code and with the rules and methods * * * promulgated by the board of tax appeals."[2]

[1] *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410; *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1968), 16 Ohio St. 2d 85; *State, ex rel. Park Investment Co.* v. *Bd. of Tax Appeals* (1971), 26 Ohio St. 2d 161.

[2] R. C. 5713.01 has been amended by the General Assembly, the most current amendment being effective October 11, 1976, and providing as follows: "The auditor shall assess all the real estate situated in the county at its taxable value in accordance with sections 5713.03, 5713.31, and 5715.01 of the Revised Code and with the rules and methods * * * promulgated by the commissioner of tax equalization."

The taxation of real property in Ohio, particularly the necessity of the uniformity of such taxation has been the subject of a broad review by this court in the series of cases beginning with *State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals* (1964), 175 Ohio St. 410. The thread that runs throughout these decisions interpreting both Constitutional and statutory provisions is the principle that tax assessment of property must be based upon true value in money.

The method as used by the Cuyahoga County Auditor in evaluating all the properties in the county for the 1970 sexennial reappraisal, including the appellants' property and the surrounding properties, utilizes the rules for the valuation and assessment of real property which had been promulgated by the Board of Tax Appeals.

One of the Board of Tax Appeals' appraisal rules which appellants argue was not appropriately applied by the board of revision here is BTA-5-01, which rule in pertinent part is:

"(A) The 'true value in money' or 'true 100% value in money' of real property, as here used, is the 'current market value' of the property and is the price at which the property should change hands on the open market between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having knowledge of all relevant facts. Such 'true value in money' shall be determined, in the first instance, by the county auditor as the assessor of real property in his county on consideration of all facts tending to indicate the market value of the property including, but not limited to, the physical nature and construction of the property, its adaption and availability for the purpose for which it is or may be used, its actual cost, the method and terms of financing its acquisition, its value as indicated by reproduction cost less physical depreciation and all forms of obsolescence if any, its replacement cost, and its rental income-producing capacity, if any. The assessor shall likewise take into consideration the location of the property and the valuation of similar properties in the same locality."

As held in the *Park Investment Co.* cases, the requirements of the Constitution and the statutes are that the real estate shall only be taxed by uniform rule at the real estate's true value in money. As to the question of uniformity to which the *Park Investment* cases spoke, we find the following in *State, ex rel. Park Investment Co., v. Bd. of Tax Appeals, supra* (175 Ohio St. 410), at page 413, to be relevant herein:

"* * * Thus, inasmuch as property is not assessed on the basis of full value, the percentage of such value which is the basis of taxation or, in other words, the tax basis must be relatively uniform not only throughout the state but also as to the various classes of real property. As pointed out above, there is no constitutional authorization for classification of real property for taxation in relation to its nature or use. All property, whether commercial, residential or vacant, must be assessed on the basis of the same uniform percentage of actual value."

Thus, the court held in effect that the uniform requirement entails the assessment of all real property at the same percentage of its fair market value. Also, in this same regard, this court held in paragraph two of the syllabus in *Koblentz* v. *Bd. of Revision* (1966), 5 Ohio St. 2d 214, as follows:

"When a statute provides that real property shall be assessed for taxation purposes at its true value in money and a taxpayer's real property has been assessed at an amount which is discriminatory when compared with the percentage of true value at which other comparable real property in the same tax district has been assessed, such taxpayer has the right to have his assessment reduced to the percentage of that true value in money at which others are taxed even though this is a departure from the requirement of the statute."

There is no showing that the common level of assessment in Cuyahoga County was not applied here to the Meyers' real property for tax purposes. Therefore, they have failed to show a violation of the uniform rule as set forth in Section 2, Article XII of the Ohio Constitution.

As to the issue of whether the Meyers' property was revalued at its true value in money, we need look to what this court has previously held to be the best evidence of true value for appraisal purposes. This court has rather consistently held that the best evidence of true value is the actual sale price of the property in an arm's-length transaction. *State, ex rel. Park Investment Co., v. Bd. of Tax Appeals, supra; In re Estate of Sears* (1961), 172 Ohio St. 443; *Grabler Mfg. Co. v. Kosydar* (1975), 43 Ohio St. 2d 75; *Conalco v. Bd. of Revision* (1977), 50 Ohio St. 2d 129.

As contended by appellee, the Board of Tax Appeals' rules that were initially used to assess the value of the Meyers' property and the properties surrounding the Meyers' property are a summary of considerations which are to be used to approximate an arm's-length sale where no such sale has taken place. The Board of Tax Appeals' rules provide factors which buyers and sellers would consider and evaluate in making a purchase or sale of real estate. However, where, as here, there is an open market sale of the property under consideration, the purchase price is the best evidence of the value of the property, and reasonably supersedes any evidence based solely upon a Board of Tax Appeals rules appraisal. As this court held in paragraph two of the syllabus in *Conalco v. Bd. of Revision, supra*:

"In valuing real property sold * * * in an arm's-length transaction, the best evidence of 'true value in money' is the proper allocation of the lump-sum purchase price and not an appraisal ignoring the contemporaneous sale."

We hold that the requirement of Section 2, Article XII of the Ohio Constitution that "[l]and and improvements shall be taxed by uniform rule according to value" is not violated when a county board of revision pursuant to R. C. 5715.19 reappraises an individual parcel based upon evidence of the most recent sale price of that parcel.

Appellants argue further that the method used by the Cuyahoga County Board of Revision to reassess their property violated their equal protection rights under the United States Constitution. With reference to a similar argu-

ment presented by certain taxpayers, the United States Supreme Court stated, in *Southern Railway Co. v. Watts* (1923), 260 U. S. 519, 526, as follows:

"The rule is well settled that a taxpayer, although assessed on not more than full value, may be unlawfully discriminated against by undervaluation of property of the same class, belonging to others. * * * But, unless it is shown that the undervaluation was intentional and systematic, unequal assessment will not be held to violate the equality clause."

The record in the recent cause simply fails to establish either that an intentional, systematic undervaluation of property in Cuyahoga County occurred or a systematic or deliberate attempt by state officials to discriminate against appellants.

As stated previously herein, appellants argue that it was unlawful for the board of revision to change the assessed value of their property between sexennial reappraisals without also considering the value of the surrounding properties. A similar argument was advanced in *MacVeigh* v. *Bd. of Revision* (1976), 48 Ohio St. 2d 57, in which the appellants there had proposed:

" '[I]f adjoining properties are assessed at less than true market value, whereas this property is assessed at market value, then adjoining property values should be raised to true market value or * * * [appellants'] reduced.' "

In a rather short opinion, this court held the following:

"In *Parkwood Iron & Metal* v. *Bd. of Revision* (1976), 48 Ohio St. 2d 6, this court had before it a property owners argument that the sales price paid for the property there in question did not reflect its fair market value. The decision of the Board of Tax Appeals, that the fair market value of the property was reflected by the purchase price of such property, was not found to be unreasonable or unlawful.

"This court has said many times that the best method of determining value is an actual sale of property between one who is willing but not compelled to buy and one who

is willing, but not compelled to sell. See *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410.

"The fair market value of property for tax purposes is a question of fact, primarily to be determined by the taxing authorities. *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13."

The system of taxation unfortunately will always have some inequality and nonuniformity attendant with such governmental function. It seems that perfect equality in taxation would be utopian, but yet, as a practicality, unattainable. We must satisfy ourselves with a principle of reason that practical equality is the standard to be applied in these matters, and this standard is satisfied when the tax system is free of systematic and intentional departures from this principle.

As noted realistically by the Court of Appeals—"as a matter of practicality, all the parcels in a county cannot be revalued at one time." Until such time as counties are completely computerized for continuous and instantaneous reappraisals, we will have to agree with this conclusion of the Court of Appeals. Therefore, we hold that the fixing of the true value of a parcel of real estate separately and between sexennial reappraisals for tax purposes does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, nor the uniform rule as provided in Section 2, Article XII of the Ohio Constitution.

Based upon the foregoing reasoning the judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, SWEENEY and LOCHER, JJ., concur.

W. BROWN, and P. BROWN, JJ., concur in the judgment.