SHAW, APPELLANT, *v.* BOARD OF REVISION OF
CUYAHOGA COUNTY, APPELLEE.
TERRELL ET AL., APPELLANTS, *v.* BOARD OF REVISION
OF CUYAHOGA COUNTY, APPELLEE.

(Nos. 81-1091 and 81-1193—Decided June 23, 1982.)

*Mr. James E. Terrell,* for appellants.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Jeffrey I. Sherwin,* for appellee.

*Per Curiam.* Appellants argue that because their properties were valued according to their recent sale prices, resulting in a valuation higher than that of homes in the area not recently sold, the constitutional and statutory provisions requiring taxation by uniform rule have been violated. On authority of our decision in *Meyer* v. *Bd. of Revision* (1979), 58 Ohio St. 2d 328, we find this argument to be without merit. Under facts virtually identical to those presented herein we held in *Meyer, supra,* at paragraph one of the syllabus, that "[t]he requirement of Section 2, Article XII of the Ohio Constitution that '[l]and and improvements thereon shall be taxed by uniform rule according to value' is not violated when a county board of revision pursuant to R. C. 5715.19 reappraises an individual parcel based upon evidence of the most recent sale price of that parcel."

The reductions in valuation allowed by the board of revision to reflect the value of personal property included in the sale prices were not contested before the Board of Tax Appeals. For this reason we agree with appellants' contention that it was error for the Board of Tax Appeals to increase the valuations of their purchased personal property. The valuations as determined by the board of revision are reinstated.

Accordingly, the decisions of the Board of Tax Appeals are affirmed in part and reversed in part.

*Decisions affirmed in part
and reversed in part.*

W. BROWN, Acting C. J., DOUGLAS, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

DOUGLAS, J., of the Sixth Appellate District, sitting for CELEBREZZE, C. J.