BOARD OF EDUCATION FOR ORANGE CITY SCHOOL DISTRICT, APPELLEE, *v.* CUYAHOGA COUNTY BOARD OF REVISION, APPELLEE; SHERWIN-WILLIAMS COMPANY, APPELLANT.

[Cite as *Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 415.]

(No. 95–23—Submitted October 12, 1995—Decided February 7, 1996.)

*Kadish & Bender, Kevin M. Hinkel* and *David G. Lambert,* for appellee Board of Education for the Orange City School District.

*Arter & Hadden* and *Karen Bauernschmidt;* and *Gerald Steltenkamp,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Gregory B. Rowinski,* Assistant Prosecuting Attorney, for appellees Cuyahoga County Auditor and the Cuyahoga County Board of Revision.

---

*Per Curiam.*   Sherwin–Williams contends that the BTA incorrectly adopted an appraisal that relied on data collected and analyzed by an individual who did not testify and that the evidence did not comply with Evid.R. 703.   It also contends that the BTA improperly ignored the July 1993 sale, which it claims is the most comparable sale in the taxing district.   We disagree and affirm the BTA's decision.

The BTA has discretion in admitting evidence, *Ohio Turnpike Comm. v. Ellis* (1955), 164 Ohio St. 377, 58 O.O. 179, 131 N.E.2d 397, paragraph eight of the syllabus; *Akron v. Pub. Util. Comm.* (1966), 5 Ohio St.2d 237, 242, 34 O.O.2d 467, 470, 215 N.E.2d 366, 371, weighing it, and granting credibility to testimony.   *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St.3d 155, 573 N.E.2d 661.

Unless the BTA abuses this discretion, we will affirm its decision. *Webb Corp. v. Lucas Cty. Bd. of Revision* (1995), 72 Ohio St.3d 36, 647 N.E.2d 162.

Evid.R. 101(A) does not mention administrative agencies as forums to which the Rules of Evidence apply. Indeed, the constitutional authority under which the rules were promulgated extends only to "rules governing practice and procedure in all courts of the state." Section 5(B), Article 4, Ohio Constitution. The rules, nevertheless, may guide the BTA in conducting its hearings. See *Castellano v. Kosydar* (1975), 42 Ohio St.2d 107, 71 O.O.2d 77, 326 N.E.2d 686. Thus, the BTA need not comply with Evid.R. 703.

Here, Van Curen set forth his assistant's help and testified about it. Appraisers occasionally require help from office staff. American Institute of Real Estate Appraisers, The Appraisal of Real Estate (9 Ed.1987) 67. Sherwin–Williams had knowledge of this assistance in enough advance time of the hearing that it could have subpoenaed the assistant and examined him. Furthermore, certifying that Walters assisted Van Curen in his report satisfies the standards of the Appraisal Foundation, Uniform Standards of Professional Appraisal Practice (1990), Standards Rule 2–3. We find no abuse of discretion in the BTA's accepting this evidence and crediting it as it did.

We also find that the BTA did not abuse its discretion in weighing the evidence of the July 1993 sale. The sale was outside the time limits both appraisers normally analyzed. Ballou did not adjust the sale for time; in fact, he failed to record what specific adjustments he did make for this sale.

Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents.