[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The Trustees of Scottish Rite Bodies of the Valley of Cincinnati ("the owner") has appealed the decisions of the Board of Tax Appeals ("BTA") valuing two properties in downtown Cincinnati, the Cincinnati Masonic Temple ("Temple") and the Niederlander property.
The first assignment of error, alleging that the BTA's valuations of the properties violated the Ohio and United States constitutions in that the properties were discriminatorily valued, is overruled.
Pursuant to Section 2, Article XII, of the Ohio Constitution and Section I of the Fourteenth Amendment to the United States Constitution, taxation by uniform rule requires uniformity in the mode of assessment.Reynoldsburg Bd. of Educ. v. Licking Cty. Bd. of Revision (1997),78 Ohio St.3d 543, 679 N.E.2d 272; Black v. Bd. of Revision of CuyahogaCty. (1985), 16 Ohio St.3d 11, 475 N.E.2d 1264. The owner has failed to show an intentional and systematic unequal assessment, or a systematic or deliberate attempt by officials to discriminate against it. See WJJKInvestments, Inc. v. Licking Cty. Bd. of Revision (1996), 76 Ohio St.3d 29,665 N.E.2d 1111; Meyer v. Cuyahoga Cty. Bd. of Revision (1979),58 Ohio St.2d 328, 390 N.E.2d 796. We hold that the owner's constitutional rights were not violated.
The second assignment of error alleges that the decisions of the BTA valuing the properties for tax purposes were unreasonable and unlawful.
The decisions of the BTA must be affirmed unless they are unreasonable or unlawful. See R.C. 5717.04. The BTA has "wide discretion" to determine the weight and credibility of the witnesses and the evidence. See WittCo. v. Hamilton Cty. Bd. of Revision (1991), 61 Ohio St.3d 155,573 N.E.2d 661; R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision (1988),38 Ohio St.3d 198, 527 N.E.2d 874.
The BTA rejected the owner's evidence of the Temple's value, finding that the appraisal of the owner's expert was "unsupported by market data and internally inconsistent at best." The BTA accepted the appraisal of the auditor's expert, finding that "he has chosen three appropriately located comparables, in the Cincinnati Central Business District, and has demonstrated that he properly evaluated each for their differences from the subject, making adjustments to all the sale prices."
Following a review of the record, we hold that the decision of the BTA as to the valuation of the Temple was not unreasonable or unlawful, and, therefore, it must be affirmed.
Turning to the valuation of the Niederlander property, the BTA rejected all evidence of valuation as insufficient and not probative of the property's value. The BTA then adopted the Board of Revision's (BOR) valuation of the Niederlander property, which was different from the value assigned to the property by the Hamilton County Auditor.
The BTA may not affirm the BOR's valuation of property where it is different from the auditor's assigned value, if the record on appeal to the BTA contains no supporting evidence as to the property's proper valuation. See Bd. of Educ. of the Columbus City School District v.Franklin Cty. Bd. of Revision (2001), 90 Ohio St.3d 564, 740 N.E.2d 276.
 We cannot affirm a determination of value by the BTA that is not supported by sufficient probative evidence. On remand, the BTA is to take whatever action it deems necessary in order to determine the valuation of the parcels of property at issue. The valuation determined by the BTA must be supported by competent and probative evidence. Without some evidence of record, we are unable to determine whether the decision of the BTA is reasonable and lawful.
 Id.
We hold that the BTA's valuation of the Niederlander property must be reversed and that the case must be remanded for the BTA to properly value the property.
Therefore, the judgment of the Board of Tax Appeals is affirmed as to the valuation of the Temple and reversed as to the valuation of the Niederlander property. The case is remanded to the Board of Tax Appeals so that it may properly value the Niederlander property, and for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the Board of Tax Appeals under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.