[Cite as *Berman v. Cuyahoga Cty. Bd. of Revision*, 2025-Ohio-1740.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BLAKE BERMAN, ET AL.,         :

    Plaintiffs-Appellants,     :

                              No. 114481

    v.                     :

CUYAHOGA COUNTY BOARD OF   :
REVISION, ET AL.,

    Defendants-Appellees.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 15, 2025

---

Administrative Appeal from the Ohio Board of Tax Appeals
Case No. 2023-1307

---

### *Appearances:*

Siegel Jennings Co., LPA, and Stephen M. Nowak, *for appellants*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew Grabenstein, Assistant Prosecuting Attorney, *for appellees*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Appellants Blake Berman and Miriam Weiss (collectively "appellants") appeal the decision of the Ohio Board of Tax Appeals ("BTA" or "board") regarding the valuation for tax year 2022 of their real property located on Severn Road in Cleveland Heights, Ohio. For the reasons that follow, we affirm.

## I. Procedural History and Facts

{¶ 2} In July 2020, appellants purchased the subject property for $450,000. For tax year 2022, the Cuyahoga County Fiscal Officer ("fiscal officer") assessed the property at $450,000 based on the recent sale of the property. Appellants filed a valuation complaint seeking a decrease in the value of the property, arguing that their property was not valued uniformly with other properties in the neighborhood.

{¶ 3} A hearing was held before the Cuyahoga County Board of Revision ("BOR"); appellants appeared through counsel.[1] In support of their position, appellants submitted (1) a description of the subject property; (2) the property's valuation history from 1996-2022; and (3) a list of eight neighboring home values, which it obtained from the fiscal officer's website. The BOR asked for information regarding the July 2020 sale, but appellants' counsel elected not to submit anything. The BOR determined that the evidence was insufficient to support the reduction in value requested and issued a "no change" decision of the certified value of $450,000. The BOR reasoned: "Neighboring property values were submitted to support the

---

[1] The appellees in this case, the fiscal officer and the BOR, will be collectively referred to as "county."

requested [value], [counsel] noting the subject is not receiving equal and fair treatment. The board asked counsel if he wanted to provide any information regarding the [July 2020] sale . . . for $450,000. None was provided. The board finds the county fiscal value is supported by the recent sale."

{¶ 4} Appellants appealed the BOR's decision to the BTA. The BTA scheduled the matter for a hearing. The parties exchanged discovery, submitted a joint list of stipulated facts ("stipulated facts"), and filed merit briefs. The BTA waived the parties' appearances at the scheduled hearing.

{¶ 5} After consideration, the BTA found that appellants failed to provide credible and probative evidence of value and retained the tax value of $450,000. In its decision, the BTA determined that appellants could not rely on the assessed value of neighboring properties as the best evidence of value because many factors could affect how a specific property's value might increase or decrease including a recent arm's-length sale and common differences among properties (location, size, improvements, amenities, and date of sale). The BTA observed that while appellants relied on multiple neighboring properties, those likely differed from the subject property and that additional evidence, which appellants did not provide, would be needed to control for those variables. Finally, the BTA noted that it could not adjudicate appellants' constitutional claims.

{¶ 6} Appellants filed the instant appeal and raised four assignments of error for our review. We will proceed to address the first assigned error and then combine

the second, third, and fourth assignments of error (appellants' constitutional claims) for review.

## II. Assignments of Error

I: The Ohio Board of Tax Appeals ("BTA") erred when it unlawfully struck self-authenticating evidence from the record in violation of Civ.R. 36(B), Civ.R. 44(A)(1), Evid.R. 901(B)(7), Evid.R. 902(4) certified copies of public records, Evid.R. 902(8) acknowledged documents, and Evid.R. 1007.

II: The Cuyahoga County Fiscal Officer's decision to value the subject property based on a sale instead of its neighborhood-wide, uniform triennial update violates Appellants' right to due process of law as guaranteed by the Ohio Constitution and the United States Constitution.

III: The Cuyahoga County Fiscal Officer's decision to value the subject property based on a sale instead of its neighborhood-wide, uniform statistical update violates the Uniform Rule set forth in Article XII, Section 2 of the Ohio Constitution.

IV: The Cuyahoga County Fiscal Officer's decision to value the subject property based on a sale instead of its neighborhood-wide, uniform triennial update violates Appellants' right to equal protection as guaranteed by Article I, Section 2 of the Ohio Constitution and the 14th Amendment, Section 1 of the United States Constitution.

## III. Law and Analysis

### A. Real Property Tax Assessment — Background

{¶ 7} R.C. 5713.03 describes the duty of the county auditor (known in Cuyahoga County as the "fiscal officer") to determine the "true value" of each parcel located in the county. The statute provides:

The county auditor, from the best sources of information available, shall determine, as nearly as practicable, the true value of the fee simple estate . . . of each separate tract, lot, or parcel of real property and of buildings, structures, and improvements located thereon . . . in every district, according to the rules prescribed by this chapter . . . and in

accordance with the uniform rules and methods of valuing and assessing real property as adopted, prescribed, and promulgated by the tax commissioner . . . . In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor may consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes.

*Id.*

**{¶ 8}** True value is defined as either: (1) "the price at which property should change hands on the open market between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having a knowledge of all the relevant facts[]" or (2) "the price at which property did change hands under the conditions described in R.C. 5713.03, within a reasonable length of time either before or after the tax lien date." Adm.Code 5703-25-05(A).

**{¶ 9}** Appraisals in Cuyahoga County are held on a triennial and a sexennial basis. Most of the 500,000-plus parcels in Cuyahoga County are appraised every six years using a mass-appraisal approach to valuation as described under R.C. 5713.012 and 5713.01. Then, every three years, the fiscal office conducts valuation updates. According to the parties' stipulated facts, the fiscal office works with the Ohio Department of Taxation ("DOT") for the triennial update to create a "sales ratio study" using recent sale data supplied to the DOT by the county. The county and the DOT then review all sales transactions that occurred in the county and attempt to determine those sales that are valid arm's-length transactions.

**{¶ 10}** The triennial update analysis and sales-ratio study for the subject property was conducted on or about January 1, 2021. The county and the DOT

determined that value of the residential properties in the subject property's statistical assessment neighborhood needed to be adjusted upward by 1.24 percent to achieve true, uniform, and equalized values as of January 1, 2021. Having determined, however, that the subject property had been recently sold, the fiscal office used the July 2020 sale in valuing the property at $450,000 for the 2021 tax year.

{¶ 11} Although appellants challenge this well-settled tenet, "the best evidence of true value is the actual sale price of a property in an arm's-length transaction." *Meyer v. Cuyahoga Cty. Bd. of Revision*, 58 Ohio St.2d 328, 333 (1979), citing *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410 (1964). In this case, there is no dispute that the July 2020 sale of the subject property for $450,000 was a valid arm's-length transaction.

**B. Standard of Review**

{¶ 12} "In reviewing the decision of the BTA, we must determine whether the decision is 'reasonable and lawful.'" *Stag Indus. Holdings, LLC v. Cuyahoga Cty. Bd. of Revision*, 2024-Ohio-2814, ¶ 11 (8th Dist.), quoting *Polaris Amphitheater Concerts, Inc. v. Delaware Cty. Bd. of Revision*, 2008-Ohio-2454, ¶ 18; *see also* R.C. 5717.04. "'Under this standard, we will affirm the BTA's determinations of fact if the record contains reliable and probative evidence to support the BTA's findings' but 'will reverse if the record does not support, or if it contradicts, the BTA's findings.'" *Stag Indus. Holdings, LLC,* at *id.*, quoting *Polaris* at *id.*

**C. BTA Exhibits**

{¶ 13} In the first assignment of error, appellants argue that the BTA erred in striking evidence appellants attached to their BTA merit brief. The exhibits included the parties' stipulated facts; certified copies of property records for neighboring properties; deposition testimony of Neil Winans's, a certified residential appraiser with the county appraisal department; and some of the county's discovery responses. The county filed a motion to strike the exhibits, arguing that they were filed outside of a hearing and, therefore, were not in accordance with BTA rules. The BTA granted the motion in part and ordered the property records for neighboring properties, Winans's deposition, and the county's discovery responses be stricken from the record; the board determined it would consider the stipulated facts.

{¶ 14} The Ohio Supreme Court has held that the Ohio Rules of Evidence are not binding on the BTA and, absent an abuse of discretion, the court will affirm its evidentiary decisions. *Bd. of Edn. for Orange City School Dist. v. Cuyahoga Cty. Bd. of Revision*, 74 Ohio St.3d 415, 416-417 (noting that the BTA has discretion in admitting evidence, weighing it, and granting credibility to testimony).

{¶ 15} "Evid.R. 101(A) does not mention administrative agencies as forums to which the Rules of Evidence apply. Indeed, the constitutional authority under which the rules were promulgated extends only to 'rules governing practice and procedure in all courts of the state.'" *Id.* at 417, quoting Ohio Const., art. IV, § 5(B).

"The rules, nevertheless, may guide the BTA in conducting its hearings." *Bd. of Edn. for Orange City School Dist.* at *id.*

{¶ 16} Adm.Code 5717-1-16(A) provides that the purpose of hearings before the BTA is to allow for the presentation of new evidence, and the Ohio Supreme Court has held that the BTA does not act unreasonably or unlawfully by confining itself to the statutory transcript and evidence stipulated by the parties when an appellant waives its right to a hearing before the BTA. *PI in the Sky, L.L.C. v. Testa*, 2018-Ohio-4812, ¶ 24-25. Similarly, while the BTA follows the Ohio Rules of Civil Procedure for discovery purposes pursuant to Adm.Code 5717-1-12, the Ohio Rules of Civil Procedure are not binding on the BTA. *See Sovran Self Serv. Assn. v. Cuyahoga Cty. Bd. of Revision*, 1999 Ohio App. LEXIS 5173 (8th Dist. Nov. 4, 1999) (noting that the BTA, as an administrative agency, is not bound by the Ohio Rules of Civil Procedure). To the extent that the BTA follows the Ohio Rules of Civil Procedure for discovery purposes, appellate courts apply an abuse-of-discretion standard to the BTA's resolution of discovery disputes. *PI in the Sky, L.L.C.* at ¶ 11.

{¶ 17} Adm.Code 5717-1-17(D) bars new evidence not presented at a hearing. The BTA "will *only* consider evidence contained within the transcript certified to it, submitted by joint agreement of all parties, or received at the hearing. Evidence attached to briefs in violation of this rule will be stricken or disregarded." (Emphasis added.) *Id.*

{¶ 18} In this case, appellants voluntarily waived their right to a hearing before the BTA and instead filed a merit brief and attached exhibits, which, apart

from the parties' stipulated facts, amounted to new evidence it wanted the BTA to consider. The BTA was within its discretion to disregard those exhibits that did not conform to Adm.Code 5717-1-17(D).

{¶ 19} We note that the county did not object to the admission of Winan's deposition testimony so long as the BTA considered it "as is," and appellants stated they were fine with an "as is" consideration. But the BTA still retained the discretion to determine whether to consider the testimony and decided not to do so.[2] As to the other exhibits, they were attached to the briefs and were not properly before the board. Had the appellants wanted the board to consider the exhibits, it could have asked for their admission at a hearing, instead of waiving the hearing. Therefore, we will disregard any mention of these exhibits in appellants' briefs on appeal to this court.

{¶ 20} The first assignment of error is overruled.

**D. Appellant's Constitutional Claims**

{¶ 21} The second, third, and fourth assignments of error contain appellants' constitutional claims. Appellants complain that the 2022 assessment on their property is 3.06 times higher than its 2020 assessment while their neighbors' assessments are only 1.24 times higher based on the triennial update factor applied by the fiscal officer. Because of this difference, appellants contend that the county's

---

[2] However, even if we found that the BTA erred in not considering the deposition testimony, any error was harmless, because appellants have not shown a reasonable probability that it would have made a difference in the outcome of their appeal to the BTA.

valuation of their property violated their due-process and equal-protection rights, and the "uniform rule" found in Ohio Const., art. XII, § 2.

{¶ 22} In *Meyer*, 58 Ohio St.2d at 334-335, the Ohio Supreme Court held that the county's use of an actual sale price to set value on one property does not violate uniformity or equal protection, even when the use of the sale price increases its assessment out of conformity with the assessment of similar properties. Further, an equal-protection claim will not stand unless the evidentiary record shows that the claimant's unequal assessment was intentional and systematic. *Id.* at 333, citing *S. Ry. Co. v. Watts*, 260 U.S. 519 (1923).

{¶ 23} Appellants argues that *Meyer* is distinguishable because there was no evidence of systematic discrimination but, in this case, the valuation of the subject property was the product of an intentional and systematic attempt by county officials to discriminate against appellants. To support its position, appellants points to the neighboring properties. We note that the exhibit containing information regarding those allegedly comparable neighboring properties was properly stricken from the BTA record on appeal. As for the information that is contained in the stipulated facts regarding those properties, there is no information regarding how they compare to the subject property (improvements, size, etc.). Moreover, only two of the properties showed prices comparable to the subject property. One of the properties, Parcel 683-16-009, sold in 2018 for $402,000 and was valued at $226,000 for tax year 2021. However, there is no evidence as to the property's size, improvements, market conditions, property conditions or the like.

The second property, Parcel 683-16-013, was valued at $125,000 for tax year 2021. Appellants point out that the property was valued at $489,900 for tax year 2023, after a sale in May 2022, for $596,000 and "value added resulting from construction permits." Again, there is no evidence as to the property's size or condition, other than that there were construction permits. Moreover, neither property was subject to a recent arm's-length transaction for the tax year 2022. Considering this evidence, appellants cannot show that they were subject to "intentional and systematic" discrimination.

{¶ 24} The *Meyer* Court held that the use of sale price, even one that upsets uniformity of values, does not violate uniformity under the Ohio Constitution. *Id.* at 334-335. This is because Ohio Const., art. XII, § 2 requires taxation by "uniform rule according to value." So long as the common level of assessment is applied to a parcel's true value to determine taxable value, uniformity is satisfied. *Meyer* at 332.

{¶ 25} Again, the use of an actual sale price, even one that does not conform to the assessed values of neighboring properties, does not violate uniformity so long as the percentage of true value that is taxed is uniform and does not violate equal protection. *Meyer* at 332-333.

{¶ 26} Merely showing that two parcels of property have different values, as appellants have attempted to do, without more, does not establish that the tax authorities valued the properties in a different manner. *WJJK Invest. v. Licking Cty. Bd. of Revision*, 76 Ohio St.3d 29, 31 (1996). Therefore, we reject as unsubstantiated appellants' contention that the assessment against it violates the

constitutional requirement of uniformity. Additionally, appellants have not established through the presentation of evidence that their equal-protection or due-process rights were violated or that they were subject to "intentional and systematic" discriminatory acts by the fiscal officer.

{¶ 27} The second, third, and fourth assignments of error are therefore overruled.

**IV. Conclusion**

{¶ 28} In their brief on appeal, appellants argued that the BTA "should have determined that [appellants] failed to meet their burden of proof to provide probative and credible evidence for the value reduction requested. Having failed to meet their burden of proof, the county's value would be retained." But this is exactly what the BTA determined ("Based on our review of the record, the Board finds that the taxpayers failed to provide probative and credible evidence of value.").

{¶ 29} "The system of taxation unfortunately will always have some inequality and nonuniformity attendant with such governmental function. It seems that perfect equality in taxation would be utopian, but [is] yet, as a practicality, unattainable." *Meyer*, 58 Ohio St.2d at 335. The BTA did not err in upholding the BOR's decision to retain the county's valuation, which was based on the July 2020 arm's-length sale of the subject property.

{¶ 30} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Ohio Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
DEENA R. CALABRESE, J., CONCUR